## 66998. KITTLES v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for attempted armed robbery. *Held:*

1. Error is enumerated because the trial court admitted defendant's juvenile record in evidence. This evidence consisted of a document from the juvenile court which was read into the record.

Prior to the document being so read, the prosecutor had cross-examined witnesses testifying to defendant's good character as to whether they were familiar with the specific acts defendant had been involved in as a juvenile. Such an examination to determine the extent of a character witness' knowledge of defendant's reputation is proper. " '(A) witness who has testified to the good character of the accused may be asked on cross-examination if he has not heard of specific charges against him.' *May v. State,* 185 Ga. 335, 339 (195 SE 196)." *Gibson v. State,* 150 Ga. App. 718 (5) (258 SE2d 537).

Defendant argues that a juvenile record cannot be so used. However, in Davis v. Alaska, 415 U. S. 308, 320 (94 SC 1105, 39 LE2d 347), the court held that the "interest in protecting the confidentiality of a juvenile offender's record cannot require yielding of so vital a constitutional right as the effective cross-examination for bias of an adverse witness." Following this holding we held that it was permissible to cross-examine a minor victim concerning her juvenile record. *Arnold v. State,* 163 Ga. App. 10 (2) (293 SE2d 501). These holdings apply equally as well in this case to the cross-examination of defendant's good character witnesses on their knowledge of defendant's juvenile record.

Accordingly, as we find that the cross-examination of the character witnesses on their knowledge of defendant's juvenile record was proper, which placed that record before the jury, the subsequent reading of that record to the jury was merely cumulative of what was already in evidence, and, if error, was harmless.

2. Contrary to defendant's assertion, the trial court did not refuse to allow defense counsel to interview two prosecution witnesses who agreed to be interviewed. The witnesses were at first apparently willing to talk with counsel, but after talking with their employer, changed their minds and refused to do so. There is nothing in the record to show that the trial court ordered the witnesses not to talk to defense counsel, or he to them. The trial court correctly stated that it had no authority to order witnesses to talk with defense counsel about the case.

" 'Accused and his counsel have the right to interview witnesses before the trial; and the state has no right to deny them access to a witness material to the defense, but a witness cannot be compelled to submit to such interview.' " *Emmett v. State,* 232 Ga. 110 (2a), 113 (205 SE2d 231). Accord, *Rutledge v. State,* 245 Ga. 768 (2) (267 SE2d 199); *Dover v. State,* 250 Ga. 209 (2) (296 SE2d 710).

3. The trial court's refusal to give a requested charge on defendant's theory of the case was not error.

The request said that defendant stated and presented evidence that he was not guilty, that he had an alibi, that others committed the

crime, and that if the jury believed that he was not responsible for the crime or there was any reasonable doubt as to his guilt, he should be acquitted.

The issues raised by the request were adequately covered in the charge of the court. Moreover, the request placed particular emphasis on the testimony of the defendant and was argumentative. *Timberlake v. State,* 158 Ga. App. 125 (4) (279 SE2d 283). A charge " 'should contain no such summary of the evidence as might to a jury either seem to be an argument or amount to the expression or intimation of an opinion thereon.' [Cits.]" *Gallman v. State,* 127 Ga. App. 849, 851 (3) (195 SE2d 187).

4. When the verdict was announced, no poll of the jurors was requested or taken. Twelve days later a juror wrote in a document addressed to defense counsel that she was unduly influenced by various circumstances and by the other jurors to vote guilty when she felt that defendant was innocent. Error is alleged because the trial court refused to grant motions for mistrial notwithstanding the verdict and for a new trial based on the juror's statement.

The trial court did not err in denying the motions as a verdict cannot be impeached in such a fashion. *Aguilar v. State,* 240 Ga. 830 (1) (242 SE2d 620); *Hill v. State,* 250 Ga. 277 (7) (295 SE2d 518); *Dansby v. State,* 165 Ga. App. 41 (2) (299 SE2d 579).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 22, 1983.

*Stephen H. Harris,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.