## S89A0028. BRUCE v. THE STATE.
(387 SE2d 886)

WELTNER, Justice.

Richard Bruce burned David Lee Jackson, a sixteen-month-old child, with hot water. The child died from his injuries. Bruce was convicted of felony murder, the underlying felony being cruelty to children, and was sentenced to life imprisonment.[1]

Prior to the injury, Bruce had abused the child, which caused the Department of Family and Children Services to remove the child from the mother's care for a time. The child was returned to the mother with the stipulation that Bruce not be left alone with him. Bruce was alone with the child when the injury occurred. The child suffered second degree burns over more than half his body. Bruce told the investigating officer that the child was burned when he accidentally spilled hot water while preparing spaghetti, although later he stated that he had placed the child in a bathtub.

1. The evidence is sufficient to permit a rational trier of fact to find Bruce guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. (a) Bruce contends that because the court-appointed neurosurgeon did not perform a particular procedure, a "CT-scan," the physician's testimony was incomplete and, as such, denied him due process. The court order providing for a neurological examination did not include this procedure. The physician received direction from a source other than the court not to perform the procedure. Bruce did not request the procedure, nor object to the fact that it was not done.

(b) In *Moss v. State*, 159 Ga. App. 317, 319 (283 SE2d 275) (1981), the Court of Appeals held:

It is well settled law that counsel cannot suffer what he deems to be an injustice during trial, hoping for an acceptable result, and then after the trial — first state his objection

---

[1] The death occurred on February 25, 1988. Bruce was found guilty of murder June 29, 1988, and was sentenced the same date. His motion for new trial was filed on July 13, 1988, and denied on November 2, 1988. A notice of appeal was filed on May 23, 1989, and submitted without argument on December 29, 1989.

to the procedure followed.

There was no error.

3. (a) Bruce contends that the trial court erred in refusing to give the following charge:

Once there is evidence of an accident, the burden of proof is upon the state to prove beyond a reasonable doubt that the death of the victim was not an accident.

The court gave the suggested pattern charges as to the elements of the defense of accident, the presumption of innocence, the burden of proof in general, and the burden to prove the elements of the crime. At the conclusion of the court's charge, Bruce reserved objections to the charge.

(b) "The charge that the court did give, however, covered substantially the same principle[s]." *Felker v. State*, 252 Ga. 351, 368 (3) (314 SE2d 621) (1984). The trial court's refusal to give the requested charge was not error.

4. (a) Bruce contends that the trial court abused its discretion in allowing the prosecuting officer to remain at the counsel table throughout the trial in violation of the rule of sequestration, and without requiring him to testify before the other witnesses.

(b) In *Chastain v. State*, 255 Ga. 723, 724-5 (342 SE2d 678) (1986), we held:

One long standing exception to the rule exists in criminal cases for the prosecutor, that is, the one who signs the indictment bringing in the charges. . . . The prosecutor may testify as a witness after other witnesses for the State have testified.

There was no abuse of discretion.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 7, 1990.

*Carr & Kessler, James C. Carr, Jr., Thomas P. Bishop,* for appellant.

*Darrell E. Wilson, District Attorney, Michael J. Bowers, Attorney General, Leonora Grant,* for appellee.