## S96A1428. HARRIS v. THE STATE.
### (479 SE2d 717)

THOMPSON, Justice.

Defendant Varnario T. Harris was convicted of felony murder, the underlying felonies being aggravated assault and distribution of cocaine; theft by receiving stolen property; and possession of a firearm during the commission of a felony.[1] He appeals, asserting the evidence was insufficient to enable a jury to find him guilty of felony murder beyond a reasonable doubt. He also asserts that the trial court erred in failing to charge on circumstantial evidence.

---

[1] Defendant was indicted on February 20, 1995, and charged with malice murder, felony murder, aggravated assault, distribution of cocaine, theft by receiving stolen property, and possession of a firearm in the commission of a felony. He was tried on May 8, 1995, and a jury returned a verdict of not guilty of malice murder, but guilty on the remaining counts of the indictment. Harris was sentenced on June 2, 1995, to life in prison for the felony murder, and two concurrent five-year sentences for theft by receiving and possession of a firearm. The aggravated assault and cocaine distribution convictions were merged with the felony murder conviction. On July 13, 1995, defendant filed an extraordinary motion for new trial. The State agreed to consideration of the matter, and the trial court denied the motion on August 8, 1995. Notice of appeal to the Court of Appeals was filed on August 22, 1995. However, an amended notice of appeal to this Court was filed on April 23, 1996. The appeal was docketed on May 29, 1996, and submitted for decision on briefs on July 22, 1996.

Viewing the evidence in a light upholding the verdict, we find the following: On the night of October 10, 1994, Richard Hartsough, Jr., his wife, Pam, and his father went to a nightclub in Albany, Georgia. The trio stayed at the club for several hours, drinking and dancing. On their way home, they stopped at an ATM where Richard's father withdrew $100. He loaned the money to Richard.

After they took Richard's father home, Richard and Pam drove to the Regent Motel for Richard to buy cocaine. Richard asked a group of men who were congregated in the motel parking lot if "Lisa" was there. Two men, Keith Starling and Eric Seay, approached Richard's car and told him that no one named Lisa was around. As Starling and Seay talked with Richard, defendant approached and offered to sell him cocaine. After negotiating with defendant, Richard purchased two pieces of crack cocaine. Then defendant stuck a gun in Richard's face and told him to "give it up." Richard hit the gas pedal, attempting to drive away. Defendant fired two shots, one of which struck Richard in the chest.

Richard quickly lost consciousness, and the car rolled to a stop about a block away. Pam jumped out of the car, crawled into Richard's lap, drove home and summoned the police.

When the police arrived, Richard was dead. He was still in the driver's seat of the car; a loaded pistol was under his leg. Tests revealed that the pistol had not been fired. Cash in the amount of $62, and two pieces of crack cocaine, which had a street value of $40, were in the car.

Defendant admits that he gave Richard crack cocaine, but testified that when he did, Richard dropped the drugs, put a gun in his face, and began to drive away. Defendant stated that he panicked, ducked, and shot into the car.

Within hours of the shooting, defendant became a suspect and the police went to his motel room. Defendant consented to a room search, advising the police that he did not have a weapon. Searching the room, however, the police found a handgun which was linked to a bullet found in Richard's body. The gun was identified as having been stolen from an area pawn shop along with 50 to 70 other firearms. Defendant claimed that he obtained the gun from Starling just before he shot Richard. Starling denied that he gave defendant the gun.

1. Defendant argues that the evidence was insufficient to support the felony murder conviction because the State failed to prove the underlying felony of aggravated assault beyond a reasonable doubt. In this connection, defendant asserts that his testimony established that he shot the victim in self-defense. We disagree. The credibility of the witnesses was a question for the jury, *Roker v. State*, 262 Ga. 220, 221 (416 SE2d 281) (1992), which chose not to believe

defendant's account of the shooting.[2]

The evidence was sufficient to enable any rational trier of fact to find defendant guilty of felony murder, possession of a firearm during the commission of a felony, and theft by receiving stolen property beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. When the State's case rests on both direct and circumstantial evidence, the trial court must charge the law of circumstantial evidence upon request; however, if the State's case rests solely on circumstantial evidence, the trial court must give a circumstantial evidence charge even without a request. *Stubbs v. State*, 265 Ga. 883 (463 SE2d 686) (1995). Inasmuch as defendant did not specifically[3] request a charge on circumstantial evidence, it was not incumbent upon the trial court to charge on circumstantial evidence unless the State's case was wholly circumstantial. Id.

The State relied on both direct and circumstantial evidence with regard to the felony murder, possession of a firearm during the commission of a felony, and theft by receiving stolen property convictions. Accordingly, it was not incumbent upon the trial court to charge on circumstantial evidence. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 21, 1997.

*Mark T. Phillips*, for appellant.

*Britt R. Priddy, District Attorney, Gregory W. Edwards, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.

---

[2] Even if it could be said that the evidence was insufficient to prove the underlying felony of aggravated assault, it was sufficient to prove distribution of cocaine. That felony was dangerous and sufficiently connected to the murder so as to also serve as an underlying felony for the felony murder conviction. *Weems v. State*, 267 Ga. 182 (2) (476 SE2d 585) (1996).

[3] In a preamble to his request to charge, defendant asked the trial court to give "the general charges required in all criminal cases," citing the Suggested Pattern Jury Instructions, Vol. 2, pp. 9-21. The request goes on to seek specific charges on impeachment of witnesses, voluntary manslaughter, and self-defense. Although a circumstantial evidence charge can be found in the Suggested Pattern Jury Instructions on the pages cited by defendant, defendant's mere citation (buried in a preamble) was insufficient to put the trial court on notice that a charge on circumstantial evidence was being requested. See *Barner v. State*, 263 Ga. 365, 366 (434 SE2d 484) (1993).