## S96A1787. GRIFFIN v. THE STATE.
### (481 SE2d 223)

HUNSTEIN, Justice.

Merf Griffin went to Cheryl Lee's place of employment and shot her in the chest. Upon her arrival at DeKalb Medical Center, a police officer asked Lee if Griffin shot her, and Lee nodded yes; she later died. At trial, Griffin raised the defenses of accident and insanity, claiming the gun went off after he lost control of himself and pulled it out of his pocket. Griffin was convicted of malice murder and felony murder and sentenced to life in prison.[1]

1. Griffin contends the trial court erred in failing to charge the jury that the State had the burden of proving beyond a reasonable doubt that he did not accidentally shoot the victim. Griffin requested a charge on accident, and the trial court charged on accident. He also requested a charge on the State's burden of disproving an affirmative defense beyond a reasonable doubt, which was rejected.[2] Although not included in the affirmative defenses enumerated in Article 2 of OCGA Title 16, Chapter 3, see OCGA § 16-3-28, we have held that accident is an affirmative defense. *Chandle v. State,* 230 Ga. 574 (3) (198 SE2d 289) (1973); see *State v. Moore,* 237 Ga. 269 (1) (227 SE2d 241) (1976). We have also held that where a defendant raises an affirmative defense, the State has the burden to disprove the affirmative defense beyond a reasonable doubt. *Anderson v. State,* 262 Ga. 7 (2) (413 SE2d 722) (1992); *State v. Shepperd,* 253 Ga. 321 (320 SE2d 154) (1984). Because Griffin's requested charge was a correct statement of the law and was adjusted to the evidence, it was revers-

---

[1] The crime was committed on December 14, 1992. Griffin was indicted on February 2, 1993 in DeKalb County. He was found guilty on September 7, 1993, following a jury trial. His motion for new trial was filed October 5, 1993, amended on March 8, 1995, and denied on June 14, 1996. A notice of appeal was filed July 10, 1996; this appeal was docketed on August 1, 1996 and submitted for decision without oral argument on September 23, 1996.

[2] The charge given by the trial court is essentially identical to the pattern charge found in Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II, Criminal Cases, pp. 23-24 (2d ed. 1991). The charge on accident does not contain any reference to the burden of proof with respect to the affirmative defense of accident and nowhere informs the jury that when an affirmative defense such as accident is raised by a defendant, the State has the "burden of proving the absence of the elements of that affirmative defense." *Anderson v. State,* 262 Ga. 7, 10 (413 SE2d 722) (1992).

ible error for the trial court to fail to give the requested instruction regarding that burden of proof. See *Shearer v. State*, 259 Ga. 51 (12) (376 SE2d 194) (1989); *Shepperd*, supra. For these reasons Griffin's conviction must be reversed.

2. Griffin alleges the trial court erred by allowing the State to question its detective witness as to his opinion of the credibility of Griffin's defense of accident. Griffin asserts that the questioning violated OCGA § 24-9-80, which places the determination of a witness' credibility within the province of the jury. On cross-examination, defense counsel attempted to impeach the detective by suggesting he did not adequately investigate Griffin's accident defense. During redirect-examination, in response to at least three questions by the State, the detective testified that he believed Griffin was not telling the truth when he claimed the shooting was an accident. Although the State is allowed some latitude in rehabilitating its witness, under these facts the State's repeated questions specifically pertaining to Griffin's credibility were improper under OCGA § 24-9-80. We do not address whether the error constitutes reversible error because of our holding in the first division of this opinion.

3. Griffin contends the trial court erred in failing to include the statutory words "if ever" when charging the jury on the defense of not guilty by reason of insanity. OCGA § 17-7-131 (b) (3) (A) requires a trial judge to include the following charge when a defense of insanity is interposed:

> I charge you that should you find the defendant not guilty by reason of insanity at the time of the crime, the defendant will be committed to a state mental health facility until such time, if ever, that the court is satisfied that he or she should be released pursuant to law.

Here, the trial court charged the jury:

> If you find the defendant not guilty by reason of insanity, then your deliberations cease . . . Now, if this is your verdict, the defendant will be committed to a State mental facility . . . until the Court is satisfied . . . that the defendant should be released, under the law."

Although the exclusion of the words "if ever" has been held to be harmless error in certain contexts, *Levin v. State*, 222 Ga. App. 123 (3) (473 SE2d 582) (1996), the better practice is to give the charge exactly as provided in the statute. On retrial, the complete charge should be given.

4. Griffin argues the trial court erred in charging the jury on the law of dying declarations by stating: "[i]f a person is dying and is

aware that . . . she is dying — and that is the case in this instance." Griffin asserts the trial court improperly commented on the evidence by adding the phrase "and that is the case in this instance." See OCGA § 17-8-57 (prohibiting an expression of opinion as to what has or has not been proved). Without deciding whether the language objected to constitutes an impermissible expression of opinion upon the evidence, we again caution that the better practice when charging the jury is to track the language of the approved instructions and refrain from making extraneous comments.

5. We have examined Griffin's remaining enumerations of error and find them to be without merit.[3]

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 3, 1997.

*Nancy K. Peterson,* for appellant.

*J. Tom Morgan III, District Attorney, Barbara B. Conroy, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.

---

[3] Griffin contends the trial court erred in its failure to grant a mistrial after the State questioned a witness about Griffin's prior difficulty with the victim; its charge to the jury on the defense of accident; its charge to the jury on the law of similar transactions; its mislabeling of count two of the indictment as malice murder, subsequent charge on the law of felony murder, and misstatements regarding lesser included offenses; and its alleged sequential charge.