## S97A0124. ROSS v. THE STATE.
(485 SE2d 780)

HINES, Justice.

Charles Robert Ross was indicted and tried for the malice murder and felony murder of his stepson, Keith Cox, and for the aggravated assault of his wife, Judy Wylene Ross. A Lamar County jury acquitted him of malice murder and the aggravated assault of Mrs. Ross but found him guilty of felony murder while in the commission of aggravated assault for the fatal shooting of Cox. We affirm the conviction for felony murder.[1]

The evidence, viewed in favor of the verdict, showed that Cox lived part of the time with his mother and stepfather and that he kept clothes in the Rosses' spare bedroom. On the Monday of the shooting Cox arrived at the Rosses' home shortly before 10:00 p.m., apparently to wash and change clothes. Ross had been drinking that day as well as the entire preceding weekend. Ross was upset about an earlier exchange with Cox in which Ross believed Cox had been disrespectful, and Ross complained about it to his wife. Cox heard Ross' comments and told his mother that he was tired of Ross' behavior. Ross went into the spare bedroom followed by Cox and Mrs. Ross. Mrs. Ross attempted to block the door to the bedroom and prevent Cox from fully entering the room. She was standing in front of her son and facing Ross. Ross was wielding an M-1 Grand rifle which he had kept with him over the weekend. Ross pointed the weapon at Cox. Cox admonished Ross about aiming the rifle at him, calling Ross a "son of a bitch." Ross fired the weapon, fatally wounding Cox.

Ross bolted out the back door and threw the rifle into some bushes behind the house. He then ran down the street toward a police officer, telling him, "I killed him. I shot Keith with an M-1."

At trial, Ross admitted that he had been upset with Cox, but

---

[1] The fatal shooting of Keith Cox occurred on July 17, 1995. On September 11, 1995, a Lamar County grand jury indicted Ross for the malice murder of Cox, the felony murder of Cox while in the commission of aggravated assault, and the aggravated assault of Judy Wylene Ross. He was tried beginning on December 11, 1995, and on December 12, 1995, the jury found him not guilty of malice murder or the aggravated assault of Mrs. Ross, but guilty of felony murder. That day, Ross was sentenced to life imprisonment. Ross filed a motion for new trial on January 5, 1996. The motion was amended on July 11, 1996, and denied on September 17, 1996. Ross filed a notice of appeal to the Court of Appeals on September 20, 1996. The Court of Appeals transferred the case to this Court on October 8, 1996. The appeal was submitted for decision without oral argument on December 2, 1996.

claimed that the shooting was accidental.

1. Ross challenges the trial court's refusal to grant a change of venue. He concedes that the jurors indicated they could make a decision based solely upon the evidence, but nevertheless argues that a change of venue was warranted because of the jurors' significant exposure to newspaper coverage of the case.[2]

The challenge is unavailing. Ross principally relied on several newspaper accounts to show the media coverage. Even accepting that the few articles significantly exposed the jurors to the case, widespread or even adverse publicity is not in itself grounds for a change of venue. *Mooney v. State*, 243 Ga. 373, 387 (2) (254 SE2d 337) (1979). Situations which are rendered inherently prejudicial because of pretrial publicity are extremely rare, and this is not one of them. There was no showing that because of the publicity Ross could not receive a fair trial in the community, nor that a fair trial would be denied him because of the prejudice of individual jurors. *Lemley v. State*, 258 Ga. 554, 555 (4) (372 SE2d 421) (1988). In fact, quite the contrary. It is undisputed that the jurors would render a verdict based on the evidence.

2. Venue in Lamar County was established beyond a reasonable doubt. OCGA § 17-2-2 (c). Law enforcement officers who responded to the shooting incident testified about being called to an address in Barnesville, Georgia, which is in Lamar County. Even if the Ross residence was actually considered to be in neighboring Aldora, as contended by Ross, an officer also testified about being called to Aldora regarding the shooting, and it is undisputed that Aldora is in Lamar County.

3. Ross contends that the evidence was insufficient to allow the jury to find him guilty of aggravated assault, and thus insufficient to authorize his conviction for felony murder. He argues this is so because the jury acquitted him of the aggravated assault of Wylene Ross, and also of the malice murder of Cox, thereby finding that he did not intend to murder Cox. Furthermore, the State failed to produce any evidence from which the jury could conclude that he intended to injure Cox.

On the contrary, the felony murder conviction stands firm upon Ross' aggravated assault on Cox. Even though at trial, Wylene Ross attempted to portray the shooting of her son as an accident, Mrs. Ross had earlier related that her husband pointed the rifle at her son. Pointing a loaded gun at another person may be an unlawful act amounting to an aggravated assault. *Reason v. State*, 181 Ga. App. 577, 578 (353 SE2d 73) (1987), citing *Saylors v. State*, 251 Ga. 735,

---

[2] The voir dire was not recorded.

737 (3) (309 SE2d 796) (1983). Moreover, the act can support a finding of felony murder, even if the assault is upon the homicide victim. *Strong v. State*, 251 Ga. 540, 541 (307 SE2d 912) (1983). It was for the jury to resolve any conflicts in the evidence, determine the credibility of witnesses, and adjudge the facts. *Palmore v. State*, 264 Ga. 108 (441 SE2d 405) (1994). The evidence was sufficient to allow the jury to find Ross guilty beyond a reasonable doubt of Cox's aggravated assault and felony murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. There was no fatal variance between the charge of aggravated assault underlying the felony murder and the evidence. See Division 3, supra and Division 6, infra. The allegations and proof regarding the criminal conduct and the victim corresponded so that Ross was able to present his defense, was not taken by surprise by the evidence at trial, and would not be subjected to further prosecution for the same conduct. *DePalma v. State*, 225 Ga. 465, 469 (3) (169 SE2d 801) (1969).

5. After the incident, Ross told GBI Agent Mansfield that the shooting of his stepson was an accident caused by his intoxicated state. Mansfield was also aware that Ross wrote a letter to that effect to the district attorney. The trial court refused to allow Ross to cross-examine Mansfield about the substance of the statements because it found them to be self-serving. Ross claims that the declarations were admissible as admissions against his penal interest.

In both statements, Ross portrayed the shooting as purely an accident. Thus, the declarations were in no manner admissions against his penal interest and were accurately characterized as self-serving. See *Thomas v. State*, 248 Ga. 247, 252 (10) (282 SE2d 316) (1981). In any event, Ross was able to get into evidence the substance of the statements, i.e., that he was intoxicated and that the shooting was an accident, by virtue of his own testimony and that of his wife.

6. Ross complains that the trial court's jury instruction on aggravated assault in regard to the felony murder was too inclusive, thereby improperly permitting the jury to consider unindicted manners of committing aggravated assault.[3] Specifically, in light of the instruction, the jury could have concluded that Cox was accidentally shot yet still in fear of receiving a violent injury, a charge that did not appear in the indictment.

---

[3] The court charged,

Now, a person commits aggravated assault under our law as described as follows in our law: An assault is an attempt to commit a violent injury to the person of another or an act which places another in reasonable apprehension of immediately receiving a violent injury. A person commits the offense of aggravated assault when that person assaults another person with intent to murder or with a deadly weapon.

The complaint is unavailing. The felony murder count in the indictment charged that Ross while in the commission of aggravated assault caused the death of Cox by "shooting him with a gun." It is generally not cause for a new trial even if a portion of a charged Code section is inapplicable. *Lee v. State*, 265 Ga. 112, 113 (3) (454 SE2d 761) (1995). However, that was not the case here. The language of the indictment and the evidence raised the possibilities of assault both with a deadly weapon and with the intent to murder. Moreover the court's instruction on aggravated assault necessarily included the elements of simple assault.

> "A simple assault is defined as . . . an act which places another in reasonable apprehension of immediately receiving a violent injury. [OCGA § 16-5-20 (a) (2).] An assault becomes aggravated when it is perpetrated . . . by use of a deadly weapon. [OCGA § 16-5-21 (a) (2).] Thus, '[a]ggravated assault with a deadly weapon is completed when a simple assault is committed by means of a deadly weapon,' [cit.]." [Cit.] It is the reasonable apprehension of harm by the victim of an assault by a firearm that establishes the crime of aggravated assault. . . . [Cit.]

*Adams v. State*, 264 Ga. 71, 76 (9) (440 SE2d 639) (1994). Thus, the court's instruction in no manner altered the nature of the crime charged.

7. Ross is not entitled to a new trial because the trial court did not expressly instruct the jury that it was the State's burden to disprove the defense of accident beyond a reasonable doubt. Where, as here, the court charges the jury on the elements of the defense of accident, the presumption of innocence, the burden of proof in general, criminal intent, and the burden to prove the elements of the crimes alleged in the indictment, it is not error to fail to again instruct on the State's burden in the context of the accident defense. *Bruce v. State*, 259 Ga. 798, 799 (3) (387 SE2d 886) (1990).

8. Contrary to Ross' assertion, the felony murder verdict is not ambiguous. The verdict form clearly specified the possible verdicts with respect to each count of the indictment. By acquitting Ross of the aggravated assault of his wife and by returning a verdict of "guilty as charged" on Count 2, the jury plainly determined that Ross committed an aggravated assault on Cox "by shooting him with a gun," and thus, was guilty of his felony murder. Compare *Mitchell v. State*, 266 Ga. 197 (467 SE2d 503) (1996) and *Lindsey v. State*, 262 Ga. 665 (424 SE2d 616) (1993) cited by appellant.

*Judgment affirmed. All the Justices concur, except Carley, J., who concurs in Divisions 1, 2, 3, 4, 6, 7, 8, and in the judgment.*

DECIDED JUNE 9, 1997 —
RECONSIDERATION DENIED JUNE 30, 1997.

*John L. Strauss, Harvey J. Kennedy, Jr.,* for appellant.
*Tommy K. Floyd, District Attorney, James L. Wright, Assistant District Attorney, Thurbert E. Baker, Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.