## A98A1421. SMITH v. THE STATE.
(506 SE2d 659)

Judge Harold R. Banke.

A jury convicted Demarco Smith of involuntary manslaughter, reckless conduct, pointing a pistol at another, and possession of a pistol by a person under the age of 18. On appeal, Smith challenges the sufficiency of the evidence and the omission of an unrequested jury charge.

An eyewitness, Marcus Germany, testified that the shooting occurred while he, Smith, and the victim, who were friends, were walking from a store where the victim had purchased chicken wings. Germany was walking several feet behind the victim and Smith, and they were all laughing about the cold weather and who would carry the chicken wings. As Germany lagged behind, he heard a click immediately followed by the sound of a gun firing at extremely close range. Germany then saw the victim lying on the ground bleeding from a head wound with Smith standing over him. According to Germany, before the shot was fired, he did not overhear any arguing between the victim and Smith.

At the scene, Smith told the responding officer that the victim was shot by an unknown drive-by assailant, immediately after they heard someone shout from the roadway. Later, Smith disclosed to police that he had shot the victim.

The victim's aunt testified that she spoke with Smith at the police station at his request. Smith told her that he shot the victim and was sorry. Smith explained to the aunt that he had purchased the gun the evening before and was showing it to the victim when it accidentally fired. Smith told her that the victim was holding the barrel of the gun and was looking down into it when he advised him that the gun should not be held that way. Smith claimed that when he attempted to grab the gun away from the victim, it fired. According to the aunt, Smith told her that he always kept his guns cocked and this gun was cocked when he pulled it out of his pocket to show it to the victim.

The defense rested without presenting any evidence. Over objection by the State, the trial court read verbatim the accident charge requested by defense counsel. Smith's charge failed to instruct the jury that the State had the burden to disprove the defense of accident

beyond a reasonable doubt. In its instruction, the trial court gave charges on the presumption of innocence, the burden of proof in general, criminal intent, and the burden to prove the elements of the crimes alleged in the indictment. *Held*:

1. Smith challenges the sufficiency of evidence relating to his conviction for involuntary manslaughter. The essential elements of that offense are: (1) committing an unlawful act other than a felony (2) when causing the death of another person, (3) without intending to do so by the commission of the unlawful act. OCGA § 16-5-3 (a). The testimony showed that Smith, a minor, was unlawfully in possession of a handgun which he had cocked and recklessly pointed at another causing his death. Based on this evidence, the jury was authorized to find Smith guilty under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Smith contends that the trial court erred when it failed to instruct the jury, sua sponte, that the State had the burden to disprove the defense of accident beyond a reasonable doubt.

This precise issue has been resolved adversely to Smith. *Ross v. State*, 268 Ga. 122, 125 (7) (485 SE2d 780) (1997). In *Ross*, the Supreme Court refused to reverse notwithstanding the fact that the trial court did not expressly instruct the jury that it was the State's burden to disprove that defense beyond a reasonable doubt. Id. The Supreme Court determined that "[w]here, as here, the court charges the jury on the elements of the defense of accident, the presumption of innocence, the burden of proof in general, criminal intent, and the burden to prove the elements of the crimes alleged in the indictment, it is not error to fail to again instruct on the State's burden in the context of the accident defense." Id. In this case, since the trial court gave the same instructions found to be sufficient in *Ross*, there was no error. See *Bruce v. State*, 259 Ga. 798, 799 (3) (387 SE2d 886) (1990).

Smith's reliance upon *Griffin v. State*, 267 Ga. 586 (1) (481 SE2d 223) (1997) is misplaced. *Griffin* held that it was reversible error for the trial court to refuse to give a requested instruction on the State's burden to disprove an accident defense beyond a reasonable doubt. Id. at 586-587 (1). But here, there was no such request.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 10, 1998.

*Paul J. McCord*, for appellant.

*J. Tom Morgan, District Attorney, Thomas S. Clegg, Maria Murcier-Ashley, Assistant District Attorneys*, for appellee.