S98A0975. STANSELL v. THE STATE.
(510 SE2d 292)

BENHAM, Chief Justice.

This appeal is from Scotty Lee Stansell's conviction for malice murder arising from his fatal shooting of his wife Crystal.[1] The State put on evidence at trial which supported a finding of the following facts and events. The Stansells had been married for approximately two years and had a six-month-old child at the time of the shooting, but their marriage was troubled and they were considering divorce. On the Thursday before the shooting, which occurred in the early morning hours of a Sunday, Stansell threatened to beat his wife and told his wife's sister that if his wife did not shut up or leave with her sister, he "might just kill her." On Saturday, arguing with his wife and displeased about what she was going to wear to work, Stansell cut her shirt off with a knife. After she went to work that day, Stansell and Merritt, a friend with whom he planned to attend a concert, went to another friend's home and left the couple's child. Instead of going to the concert, Stansell and Merritt drove around drinking beer, stopping twice to speak with women. When Stansell went back to get his child, his wife was there. As they argued, he threatened to

---

[1] The shooting took place on November 24, 1996, and Stansell was arrested and charged with murder on that date. An indictment returned on January 31, 1997, charged Stansell with malice murder, felony murder, and aggravated assault. After a trial conducted on July 28-30, 1997, a jury found Stansell guilty on all counts. The trial court sentenced Stansell to life imprisonment for malice murder, the felony murder charge stood vacated by operation of OCGA § 16-1-7, and the aggravated assault charge merged into the malice murder conviction. Stansell filed a motion for new trial on August 28, 1997, which was amended several times and was denied on January 27, 1998. Pursuant to a notice of appeal filed February 11, 1998, the appeal was docketed in this Court on March 24, 1998, and was submitted for decision following oral argument on June 8, 1998.

cut her clothes off her again. After the couple agreed to leave the child there overnight and went their separate ways, Stansell and Merritt continued to drive around some more, meeting and speaking to the victim briefly at a gas station. When Stansell and Merritt returned to Stansell's home, Crystal Stansell was already there. The three talked for a while and Stansell told his wife about the women he had seen that night. When Merritt said he did not have a girlfriend, Crystal Stansell, who had previously dated Merritt, said she would be his girlfriend. Stansell then walked to a corner where a rifle was leaning against a wall and picked it up. Merritt saw him swinging the rifle back and forth between him and Crystal Stansell, looked down for a moment, then heard a shot. Stansell told Merritt he had shot his wife and sent Merritt for help. When Merritt returned, Stansell and a neighbor he had summoned were attempting to resuscitate the victim. Stansell asked Merritt to say that Stansell had not been drinking and that the shooting was an accident. Police officers at the scene noticed a smell of alcohol around Stansell. The bullet from the rifle entered Crystal Stansell's left arm and went through her heart and lungs, killing her.

1. Stansell asserts that the trial court erred in denying his motion for directed verdict of acquittal and his motion for new trial on the general grounds. Since the evidence summarized above was sufficient to authorize a rational trier of fact to find Stansell guilty beyond a reasonable doubt of malice murder (*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hooks v. State*, 253 Ga. 141 (1) (317 SE2d 531) (1984)), there was no error in denying the motion for new trial, and since the same standard is applicable to the denial of a motion for directed verdict of acquittal (*Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436) (1984)), there was no error in denying that motion.

2. In two enumerations of error, Stansell argues that reversible error occurred when the trial court failed to charge the jury on the State's burden of disproving beyond a reasonable doubt the affirmative defense of accident, and contends that he received ineffective assistance of counsel when trial counsel withdrew a request to charge on that defense.

Based on Stansell's testimony that the rifle fired accidentally while he was ensuring that it was unloaded, Stansell was entitled upon request to have the jury instructed on the defense of accident, including instruction that the State had the burden of disproving the defense of accident. *Griffin v. State*, 267 Ga. 586 (1) (481 SE2d 223) (1997). However, trial counsel specifically withdrew the request to charge on the state's burden of disproving accident. Thus, the issue of whether the trial court erred in failing to charge on the burden placed on the State to disprove accident is to be decided using the

standard applicable to cases, unlike *Griffin*, supra, in which there was no request for a charge on the State's burden of disproving the defense of accident. Because the trial court charged "the jury on the elements of the defense of accident, the presumption of innocence, the burden of proof in general, criminal intent, and the burden to prove the elements of the crimes alleged in the indictment," the trial court did not err in failing to give an additional charge on the State's burden to disprove the defense of accident beyond a reasonable doubt. *Ross v. State*, 268 Ga. 122 (7) (485 SE2d 780) (1997).

However, Stansell raised on motion for new trial and raises now on appeal the question of whether trial counsel's action in withdrawing the charge amounted to ineffective assistance of counsel. "In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense." *Stephens v. State*, 265 Ga. 120 (2) (453 SE2d 443) (1995). "There is a strong presumption that the performance of trial counsel 'falls within the wide range of reasonable professional assistance. . . .' [Cit.]" *Lowe v. State*, 267 Ga. 410 (5) (478 SE2d 762) (1996). "The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case." *Berry v. State*, 267 Ga. 476 (4) (480 SE2d 32) (1997). "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland v. Washington*, supra at 689.

Trial counsel testified at the motion-for-new-trial hearing that he withdrew the charge request as a tactical matter, hoping to avoid causing the State to attack the accident defense too vigorously in closing argument. Counsel testified that he felt at the time that the defense had done a good job of establishing the defense of accident, but he did not want the prosecuting attorney to emphasize to the jury the degree to which the State's evidence negated the defense's evidence of accident. Instead, counsel preferred that the State put its effort into peripheral issues. Counsel defended his tactical choice by noting that the prosecuting attorney had not, in fact, belabored the extent to which the State had refuted Stansell's claim of accident, but had, as the defense had hoped, concentrated on peripheral issues. "Judicial review of counsel's performance should be highly deferential with substantial latitude given trial counsel in deciding trial strategy." *Lakes v. State*, 266 Ga. 389 (2) (467 SE2d 566) (1996). Considering trial counsel's stated belief that the defense had been effective in presenting the accident defense and that Stansell's best hope was to avoid having the prosecution focus its closing argument on refuting that defense in an effort to demonstrate that it had, indeed,

met the high standard of care the jury charge would have required, we conclude that trial counsel's actions cannot, under the circumstances of this trial, be deemed unreasonable.

> The test for reasonable attorney performance "has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . we are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately." [Cit.]

*Jefferson v. Zant*, 263 Ga. 316 (3) (a) (431 SE2d 110) (1993). Although Stansell was entitled to the charge concerning the State's burden to disprove the affirmative defense of accident, the decision to withdraw the charge did not amount to the deficient performance necessary to meet the *Strickland* standard for showing ineffective assistance of counsel.

3. In rebuttal of Stansell's testimony on cross-examination that he had never threatened his wife's life, the State put on the testimony of the victim's sister who stated that Stansell told her days before the shooting that he would have to kill the victim if she did not shut her mouth or leave with the witness. Stansell argues that the testimony was inadmissible because there was no notice and hearing pursuant to Uniform Superior Court Rule (USCR) 31. That argument is unavailing since we held in *Wall v. State*, 269 Ga. 506 (2) (500 SE2d 904) (1998), that evidence of prior difficulties between the defendant and the victim are not subject to USCR 31. Likewise, testimony that Stansell told a witness that he had cut his wife's clothes off with a knife was evidence of prior difficulties, admissible without a USCR 31.1 hearing. *Wall*, supra. Furthermore, since the testimony was offered on rebuttal to impeach Stansell's testimony, it was not inadmissible for failure to follow USCR 31. *King v. State*, 264 Ga. 502 (2) (448 SE2d 362) (1994). That being so, trial counsel's failure to object on that ground was not ineffective representation. *Hayes v. State*, 262 Ga. 881 (3) (c) (426 SE2d 886) (1993).

4. Stansell argues that the trial court's instructions on malice murder and felony murder were erroneous because the instructions on each offense did not include a specific reminder that, as to that offense, the jury should acquit if the charge was not proven beyond a reasonable doubt. Our review of the jury charge does not support Stansell's argument. Although the trial court did not, in the portions of the charge relating to the specific offenses, address the concept of reasonable doubt, that concept was explained fully in the course of

the trial court's jury charge. Reviewing the charge as a whole, as we must (*Spearman v. State*, 267 Ga. 600 (5) (481 SE2d 814) (1997)), we conclude that the trial court adequately and appropriately informed the jury of the presumption of innocence, of the State's burden of proof, and of their duty to acquit in the event they did not find Stansell guilty beyond a reasonable doubt.

Since we have found the charge adequate, Stansell's alternative enumeration of error, that trial counsel was ineffective for failing to object to those specific charges or to reserve objections for appeal, is without merit. *Berry v. State*, supra, Division 4 (c).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 16, 1998.

*Healy & Svoren, Timothy P. Healy, Nina M. Svoren,* for appellant.

*Robert W. Lavender, District Attorney, J. David Duffy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth L. Jaeger, Assistant Attorney General,* for appellee.

