## S99A0015. BISHOP v. THE STATE.
(519 SE2d 206)

CARLEY, Justice.

A jury found Harold Lafaughn Bishop guilty of the felony murder of his wife. The trial court sentenced him to life imprisonment, and he appeals.[1]

1. Construed in the light most favorable to the verdict, the evidence shows that, two days prior to her death, the victim told the sheriff of her fear that Bishop was going to kill her. Bishop admitted that he fired a shotgun at the victim, but testified that she had just pointed a handgun at him and had the same look as when she shot him nine times in 1991. The physical evidence indicates that several shotgun blasts struck the victim as she ate dinner. Her right arm held a bowl of food, a fork damaged by high-speed lead was found at the fingertips of her left hand, and the handgun was covered with dust on a nearby table. We conclude that a rational trier of fact could have found Bishop guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Harris v. State,* 267 Ga. 435, 436 (1) (479 SE2d 717) (1997).

2. Bishop contends that the trial court erroneously failed to give his request to charge the jury that the State had the burden of disproving his affirmative defense of justification beyond a reasonable doubt. When a defendant raises an affirmative defense and offers evidence in support thereof, the State has the burden of disproving that defense beyond a reasonable doubt. *State v. Royal,* 247 Ga. 309 (275 SE2d 646) (1981). It is reversible error for the trial court to decline to give a requested charge on the burden of proof, where, as here, the charge is a correct statement of the law and is adjusted to the evidence. *Griffin v. State,* 267 Ga. 586 (1) (481 SE2d 223) (1997); *State v. Sheppard,* 253 Ga. 321 (320 SE2d 154) (1984). The holding to the contrary in *Bruce v. State,* 259 Ga. 798, 799 (3) (387 SE2d 886) (1990) is hereby overruled. To the extent that any other case, including but not necessarily limited to *Ross v. State,* 268 Ga. 122, 125 (7) (485 SE2d 780) (1997), cites Division 3 of *Bruce v. State,* supra, as

---

[1] The crime occurred on January 21, 1996. The grand jury returned its indictment on August 6, 1996. The jury found Bishop guilty on September 12, 1997 and, on the same day, the trial court entered the judgment of conviction and sentence. Bishop filed his notice of appeal on September 22, 1997. The case was docketed in this Court on September 22, 1998 and orally argued on January 25, 1999.

controlling authority, it is also overruled. As noted by Chief Justice Benham's concurrence, the actual holding in *Ross* was correct because, in that case, there was no requested charge. Accordingly, Bishop's conviction must be reversed and his case remanded for a new trial. We address Bishop's remaining enumerations of error, as each raises an issue which is likely to recur on that retrial. *Pickett v. State*, 226 Ga. App. 743, 746 (2) (487 SE2d 653) (1997). Compare *Harrison v. State*, 268 Ga. 574, 577 (4) (492 SE2d 218) (1997).

3. Bishop complains of the trial court's refusal to give two requested charges on the "battered person syndrome."

Bishop offered evidence of actual danger from his wife immediately preceding the shooting. Such evidence would not authorize a charge on the battered person syndrome, since the issue in a battered person case " 'is not whether the danger was in *fact* imminent, but whether, given the circumstances as (the defendant) perceived them, the defendant's *belief was reasonable that the danger was imminent.*' [Cit.]" (Emphasis in original.) *Smith v. State*, 268 Ga. 196, 200 (486 SE2d 819) (1997). Evidence of the battered person syndrome "is admissible to show 'that the defendant had a mental state necessary for the defense of justification although the actual threat of harm does *not* immediately precede the homicide.' " (Emphasis supplied.) *Smith v. State*, supra at 199. However, the mere fact that Bishop offered evidence that danger from his wife immediately preceded the shooting does not mean that a charge on the battered person syndrome was unauthorized as a matter of law. A defendant who pursues alternative defense theories is entitled to requested charges on both theories, if there is some evidence to support each theory. *Williams v. State*, 209 Ga. App. 355, 356 (1) (433 SE2d 361) (1993). See also *Calloway v. State*, 176 Ga. App. 674, 679 (4) (337 SE2d 397) (1985). Thus, if, in addition to evidence of actual danger immediately preceding the homicide, Bishop also offered evidence of the battered person syndrome to show his reasonable, but erroneous, belief that danger was imminent, then the trial court should have given the requested instructions, as required by this Court's recent decision in *Smith v. State*, supra. On the other hand, Bishop would not be entitled to an alternative charge on the battered person syndrome if he failed to present evidence to support such a charge.

The battered person syndrome is a "complex area of human response and behavior." *Johnson v. State*, 266 Ga. 624, 627 (2) (469 SE2d 152) (1996). Therefore, expert testimony must be admitted because it supplies an interpretation of the facts which differs from the ordinary lay perception. *Johnson v. State*, supra at 626 (2). An opinion regarding the battered person syndrome, like the child sexual abuse accommodation syndrome, can "only be based on something more than mere observation." *Carr v. State*, 267 Ga. 701, 703

(1) (482 SE2d 314) (1997). Thus, a defendant who relies upon the battered person syndrome should have an expert witness describe the syndrome, apply that model to the facts shown by the evidence, and opine that the defendant falls within the profile. *Johnson v. State*, supra at 626 (2); *Sanders v. State*, 251 Ga. 70, 74 (3) (303 SE2d 13) (1983). To make a prima facie showing of self-defense based upon the battered person syndrome, a defendant should present the opinion testimony of an expert as well as independent testimony regarding the historical facts upon which the expert relies. *Chapman v. State*, 258 Ga. 214, 216 (2) (367 SE2d 541) (1988). See also *Mobley v. State*, 269 Ga. 738, 740 (1) (505 SE2d 722) (1998). Although Bishop offered testimony that the victim had shot him in the past, he presented no expert testimony whatsoever. Therefore, he failed to make a prima facie showing of the battered person syndrome, and the trial court correctly refused to give the requested instructions on that syndrome. If, however, Bishop does make such a prima facie showing on retrial, then the trial court would be obligated by *Smith v. State*, supra, to charge the jury on the syndrome.

4. Bishop urges that the trial court erred in refusing to give a request to charge that the evidence of the victim's previous attack on him was relevant on the issue of whether he reasonably and honestly believed that deadly force was necessary to prevent death or great bodily harm to himself. The instruction on justification fully apprised the jurors of the use to which they might put the evidence of Bishop's prior difficulties with his wife without unduly emphasizing that evidence over other evidence. Thus, we find no error. *Kittles v. State*, 168 Ga. App. 123, 125 (3) (308 SE2d 241) (1983).

5. Bishop contends that the trial court erred in failing to give his requested instruction on life insurance. The first sentence of this request stated that, "under the law, a wife may effectuate insurance upon her spouse; however, the insured spouse must be notified at his address of record." The trial court attempted to give this portion of the request, but erroneously omitted the word "insurance." This omission should not recur on retrial. The second sentence of the request states that, "[t]o allow the insuring of a person without his knowledge or consent could be a contributing factor toward the commission of a crime and could create a substantial risk to the unknowing insured." This portion of the request sets forth, in a somewhat argumentative fashion, the public policy reasons enunciated in *Wood v. New York Life Ins. Co.*, 255 Ga. 300, 303-304 (336 SE2d 806) (1985), as support for the statutory requirement that an insurance company notify the insured of the issuance of a policy on his life. Jury instructions should set forth objective legal principles to be applied by the jury in making its determination, and should not include language used by an appellate court to explain the rationale of a legal princi-

ple. *Gibbs v. State*, 174 Ga. App. 19 (1) (329 SE2d 224) (1985). Therefore, the trial court did not err by omitting the second sentence of the request.

6. Investigators who originally found, but did not remove, the damaged fork in the victim's hand subsequently executed a search warrant for "a fork that the victim had in her hand at the time of her death. . . ." Bishop contends that the trial court erroneously denied his motion to suppress the fork because the search warrant did not describe it with particularity. The applicable standard is whether the description of the item sought is sufficient to enable "a prudent officer executing the warrant to locate it definitely and with reasonable certainty." *Hunt v. State*, 180 Ga. App. 103 (1) (348 SE2d 467) (1986). In this case, the officers executing the warrant knew the particular fork they were seeking because they had already seen it, and they testified that the fork they recovered was the same fork they had seen on the night of the shooting. Photographs taken of the scene and admitted into evidence showed the fork. Because the search warrant described the fork with sufficient particularity, the trial court did not err in denying the motion to suppress.

7. Bishop also contends that the trial court erred by admitting the fork into evidence without proof of a proper chain of custody. The damaged fork was a distinct physical object easily identifiable by observation, and was not a fungible item. Therefore, proof of the chain of custody was unnecessary. *Mize v. State*, 269 Ga. 646, 651 (5) (501 SE2d 219) (1998); *Carr v. State*, 267 Ga. 701, 707 (5) (482 SE2d 314) (1997).

*Judgment reversed. All the Justices concur.*

BENHAM, Chief Justice, concurring.

I fully concur with the reversal of the judgment of conviction due to the trial court's failure to give the requested instruction that the State had the burden of disproving appellant's affirmative defense of justification beyond a reasonable doubt. *Griffin v. State*, 267 Ga. 586 (1) (481 SE2d 223) (1997). I also agree that the holding to the contrary in *Bruce v. State*, 259 Ga. 798 (3) (387 SE2d 886) (1990) must be overruled. However, I believe that appellant Bishop's requests for "battered person syndrome" jury instructions were properly rejected because they were not adjusted to the evidence. Bishop's presentation of evidence that danger from his wife immediately preceded his shooting of her (she allegedly pointed a gun at him, he saw the ligaments in her arm tighten, and her eyes had the "crazy blank-eyed stare look" she had exhibited when she had shot him in 1991) was in furtherance of a justification defense since the evidence showed that an actual threat of harm immediately preceded the homicide. The "battered person syndrome" is the means by which a defendant

shows the existence of " 'a mental state necessary for the defense of justification *although the actual threat of harm [did] not immediately precede the homicide.' "* (Emphasis supplied.) *Smith v. State,* 268 Ga. 196, 199 (486 SE2d 819) (1997). Since appellant testified that he had shot his wife in response to signs that she was going to shoot him at that moment, his "battered person syndrome" jury instructions were not adjusted to the evidence and were properly refused by the trial court.

I am authorized to state that Justice Hunstein joins this concurrence.

DECIDED JULY 6, 1999.

*Cook & Connelly, Bobby Lee Cook, Todd M. Johnson,* for appellant.

*Herbert E. Franklin, Jr., District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jayson Phillips, Assistant Attorney General,* for appellee.