### A02A2434. EVANS v. THE STATE.
#### (576 SE2d 27)

JOHNSON, Presiding Judge.

A jury found Michael Randolph Evans guilty of committing aggravated battery upon his wife. Evans appeals from the judgment of conviction entered on the verdict, contending that the trial court erred in admitting evidence of prior difficulties between Evans and his wife, permitting a witness to testify as an expert on battered person syndrome, allowing the expert witness to testify based on hearsay, and denying his motions for a directed verdict of acquittal and for a new trial. Each of the enumerations lacks merit, so we affirm Evans' conviction.

1. Evans asserts that the trial court erred in denying his motion for a directed verdict of acquittal and his motion for new trial when the evidence was insufficient to support the verdict. On appeal from a criminal conviction, we view the evidence in a light most favorable to the jury's verdict, and we neither weigh the evidence nor determine witness credibility.[1] We simply determine whether the evidence

---

[1] *Mashburn v. State*, 244 Ga. App. 524, 526 (1) (536 SE2d 208) (2000).

is sufficient under the standard enunciated in *Jackson v. Virginia*.[2] Here, the evidence amply supported Evans' aggravated battery conviction.

The evidence shows that the victim, Evans' wife, went out with friends and came home. Since she did not have her apartment key, she waited outside for Evans to return home. When Evans arrived, his wife asked where he had been, and an argument ensued. Evans struck his wife and then dragged her inside the apartment. Once inside, Evans punched his wife repeatedly in the face, severely injuring her and rendering her unconscious.

The victim was taken to the hospital emergency room with cuts, bruises, loose teeth, and one eye swollen shut. At first, she told investigators that three unidentified men broke into the apartment and assaulted her; she did not tell the police Evans was the assailant because she was afraid of him and wanted to save her marriage. She eventually told police that Evans had beaten her.

Evans' wife also testified about numerous prior incidents in which Evans had beaten her and mentioned that she sought help from a battered women's shelter on many occasions. In one previous incident, Evans beat her on the head with a broomstick. Evans was charged with and pled guilty to battery. A copy of the battery conviction was admitted to show prior difficulties between Evans and the victim.

Several neighbors witnessed the charged incident. Evans' upstairs neighbor testified that on the night of the incident, she heard Evans and his wife arguing. When the neighbor went outside the next morning, she saw blood on the porch downstairs. On prior occasions, the neighbor had seen the victim with black eyes and a swollen face and arms.

Another neighbor testified that on the night of the incident, he saw Evans strike his wife and then drag her inside the couple's apartment. The witness testified that he had seen Evans hit his wife on previous occasions. Two other neighbors also testified that they witnessed the altercation and saw Evans strike his wife. One added that she had seen the victim with bruises or injuries before that night.

Since the evidence was sufficient to authorize a rational trier of fact to find Evans guilty beyond a reasonable doubt of aggravated battery, there was no error in denying the motion for new trial.[3] And since the same standard is applicable to the denial of a motion for

---

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Mashburn*, supra.

[3] See *Morrow v. State*, 272 Ga. 691, 700 (8) (532 SE2d 78) (2000); *Stansell v. State*, 270 Ga. 147, 148 (1) (510 SE2d 292) (1998).

directed verdict of acquittal, there was no error in denying that motion.[4]

2. At trial, the victim and other witnesses testified that Evans beat or hit the victim before the charged incident occurred. According to Evans, the evidence of prior difficulties between him and his wife was overly prejudicial and served only to place his character at issue. The trial court did not err in admitting the evidence.

Evidence of a defendant's prior assaults upon a victim is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the charged act against the victim.[5] For such evidence to be admitted, the state must show: (1) it is being introduced for an appropriate purpose, namely, that it tends to prove the defendant's motive or intent, or the state of the relationship between the victim and the defendant; (2) there is sufficient evidence that the victim and the defendant were the parties involved in the prior difficulty; and (3) there is a sufficient connection between the prior difficulty and the crime charged.[6]

Here, before the evidence of prior difficulties was admitted, the state announced that it intended to introduce the evidence to show Evans' motive for committing the crime with which he was charged and to show the parties' relationship as it reflects on Evans' course of conduct, bent of mind, and intent. There was no dispute that Evans and his wife were the parties involved in the earlier difficulties, or that the earlier incidents were sufficiently connected to the aggravated battery at issue in the instant case. The evidence was properly admitted.

3. The state called Roseann Key to testify as an expert on battered person syndrome. Key described battered person syndrome and explained how a person with the syndrome may lie to police in order to protect the perpetrator from prosecution or herself from the perpetrator. According to Evans, Key should not have been permitted to give this testimony because Key was not qualified as an expert, had never before testified as an expert, and had no formal training on the syndrome. We disagree.

A witness with such skill, knowledge, or experience in a field or calling as to be able to draw an inference that could not be drawn by the average layperson may be qualified as an expert witness. Battered person syndrome is a complex area of human behavior and

---

[4] See *Stansell*, supra.
[5] *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998).
[6] Id.

response.[7] Therefore, expert testimony must be admitted because it supplies an interpretation of the facts which differs from the ordinary lay perception.[8] A witness' qualification as an expert rests entirely in the sound discretion of the trial judge and will not usually be overturned unless the witness lacks appropriate credentials or the judge has applied the wrong criteria.[9]

Key testified that she had worked with over 75 battered women at a battered women's shelter and that she had worked with other victims on an outreach basis. She testified that she regularly attended conferences sponsored by the Georgia Department of Human Resources in order to maintain licensing for the women's shelter where she worked. Key also attended training sessions on abuse and counseling and advising battered women sponsored by the Georgia Legal Services Program and the Florida Department of Corrections.

Based on this experience and training, the court determined that Key was an expert in her field and was qualified to testify about battered person syndrome. Given her background, Key was in a position to draw inferences that could not be drawn by the average layperson. The trial court did not abuse its discretion in qualifying her as an expert.

4. Evans also complains that Key was improperly permitted to refer to hearsay evidence while testifying. This enumeration presents no basis for reversal.

At trial, Evans' attorney asked Key for the dates the victim contacted the battered women's shelter where Key worked. Key gave some dates and then asked defense counsel if she wanted other dates as well. Defense counsel asked for the dates between June 5 and July 23, and Key listed the dates. Then, the state asked Key on redirect to repeat the dates on which the victim called the shelter. Key remarked that she (Key) had called the shelter on the morning of the trial to verify the dates, because she did not have the files with her. Defense counsel objected, claiming the testimony was not based on Key's own knowledge. The trial court overruled the objection, noting that defense counsel had asked Key about the specific dates and received responses.

We note that Key spoke with the victim most of the times the victim called the shelter. So, Key's testimony regarding the victim's calls to the shelter was in fact based, in part, on her own knowledge.

Nonetheless, even if we were to assume it was error to allow the testimony, Evans has not shown that any harm resulted from the

---

[7] *Bishop v. State*, 271 Ga. 291, 292 (3) (519 SE2d 206) (1999).
[8] Id.
[9] *Hyde v. State*, 189 Ga. App. 727, 729 (1) (377 SE2d 187) (1988).

witness' testimony regarding the dates. In order to have reversible error, there must be harm as well as error, and the lack of harm makes this enumeration of error without merit.[10]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED DECEMBER 17, 2002.

*George A. Bessonette*, for appellant.

*J. David Miller, District Attorney, Andrew W. Pope, James L. Prine II, Assistant District Attorneys*, for appellee.

---

[10] See generally *Prather v. State*, 275 Ga. 268, 270 (3) (564 SE2d 447) (2002).