S05A0747. THOMAS v. THE STATE.
(613 SE2d 620)

HUNSTEIN, Justice.

Tracy Thomas was found guilty in the felony murder of Ronald Howse. He appeals from the denial of his motion for new trial, and we affirm.[1]

---

[1] The crimes occurred on April 28, 2001. Thomas was indicted in Fulton County on April 9, 2002 for malice murder, felony murder, aggravated assault, possession of a firearm during the commission of a felony, possession of a firearm by a convicted felon and tampering with evidence. The possession of a firearm by a convicted felon charge was dead-docketed and a mistrial granted as to the malice murder charge. Thomas was found guilty of the remaining charges on October 10, 2002 and was sentenced to life imprisonment for felony murder, a consecutive five year sentence on the possession charge, and a concurrent twelve month

1. Viewed to support the verdict, the evidence at trial established that on April 28, 2001 appellant argued with the victim and thereafter shot him as he was walking toward the kitchen to light his cigarette. Several witnesses, including James Johnson and his nephew, Emanuel Johnson, observed appellant threaten the victim with a .357 Magnum gun before the shooting. After the shooting, witnesses observed appellant wipe off the gun and place it in the dying victim's hand in an effort to make the homicide look like a suicide. The State presented evidence which established the victim was killed by a single gunshot wound to the side of his head. Based on the position of the victim after he was shot, the fact that the victim was holding an unlit cigarette in the same hand as the gun, and the lack of fingerprints on the gun, the police determined that the shooting was a homicide. The forensic pathologist estimated that the gun was fired from a distance of at least 2 1/2 feet from the victim's head and concluded that the shooting was a homicide based on the absence of gunshot residue on the victim's hands and the absence of gunpowder stippling surrounding the entrance wound. Appellant fled the scene immediately after the incident and the fugitive squad apprehended him eight months later.

We conclude that the evidence adduced at trial was sufficient to enable a rational trier of fact to find appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Over appellant's objections, a detective investigating the crime testified that he concluded that trial witnesses James Johnson and his nephew Emanuel, were not involved in the shooting. In his sole enumeration of error, appellant contends that the trial court erred by permitting the detective to testify about James and Emanuel's involvement in the crime because it allowed the witness to improperly express an opinion on the credibility of witnesses in derogation of OCGA § 24-9-80. It has been repeatedly held that a witness is not permitted to bolster the credibility of another witness as to whether the witness is telling the truth because credibility of a witness is a matter solely within the province of the jury. Id. However, the detective's testimony explaining his investigation on the day of the crime and his conclusion that James and Emanuel Johnson were not involved in the shooting did not impermissibly convey the detective's view of the truthfulness of other witnesses at trial. Compare *Griffin v. State*, 267 Ga. 586 (2) (481 SE2d 223) (1997) (error to allow State to

sentence on the tampering with evidence charge. He filed a motion for new trial on October 15, 2002 and an amended motion on October 17, 2004. The trial court denied the motion on October 21, 2004. Thomas filed his notice of appeal on October 25, 2004, and the appeal was docketed in this Court on January 12, 2005. It was submitted for decision on the briefs.

repeatedly question its detective-witness as to his opinion of defendant's credibility); *Putnam v. State*, 231 Ga. App. 190 (2) (498 SE2d 340) (1998) (testimony pertaining to veracity of victim ruled improper). Accordingly, this enumeration is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 23, 2005.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.

