## S90A0112. DORSEY v. THE STATE.
(387 SE2d 889)

CLARKE, Chief Justice.

Ed Willie Dorsey was convicted of malice murder and sentenced to life imprisonment. He appeals. We affirm.[1]

1. Construed in a light most favorable to the verdict, the evidence showed that Ed Willie Dorsey argued with his wife about her "running around." While they argued, there were several children in the house watching television. Dorsey threatened his wife. He went to a closet and took out a gun. He fired one shot into the floor; then shot his wife in the face. After he shot her, he asked one of the children to call the police. He then went to the kitchen, got a butcher knife, and placed it near his wife's hand.

The evidence produced at trial was sufficient to authorize a rational trier of fact to find the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Dorsey contends that the trial court erred in admitting into evidence a photograph that depicted the victim at the scene of the murder. The photograph showed the position and condition of the victim immediately after she had been shot. Her body had not been tampered with in any way. The photograph was therefore admissible under the rule of *Brown v. State*, 250 Ga. 862 (302 SE2d 347) (1983).

3. Dorsey next contends that the trial court erred in allowing the prosecutor to ask Dorsey during cross-examination, "So, everybody's lying about this whole thing but you, is that right?" He contends that the question improperly calls for the defendant to make credibility determinations about the testimony of other witnesses. We do not agree. The state may challenge the defendant's truthfulness on cross-examination. While the form of the question was somewhat argumentative, we cannot conclude that the court erred in allowing it.

4. Dorsey contends that the court erred in failing to charge the jury on "involuntary manslaughter in the commission of a legal act." Our review of the charges given reveals that the charges given on voluntary and involuntary manslaughter were full and complete and allowed the jury to consider every possible theory of the crime. We find no error.

*Judgment affirmed. All the Justices concur.*

---

[1] The crime occurred on April 9, 1989. Appellant was indicted on May 26, 1989. He was convicted of murder on July 17, 1989 and sentenced to life imprisonment the same day. The notice of appeal was filed August 16, 1989. The case was docketed in this court October 24, 1989. The case is ripe for decision following oral argument on January 9, 1990.

810

*Fierman & Nolan, James A. Nolan,* for appellant.
*Joseph H. Briley, District Attorney, James L. Cline, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.