A99A0774. REED v. THE STATE.
(517 SE2d 824)

BLACKBURN, Presiding Judge.

Omar Reed appeals from his conviction of involuntary manslaughter, following a jury trial, contending that the trial court erred by failing to include on the verdict form charges of reckless conduct and pointing a pistol. Reed did not object to the trial court's failure to charge the jury on reckless conduct and pointing a pistol. We affirm

because the form of the verdict was consistent with the evidence and the jury charges.

" 'On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Reed] no longer enjoys a presumption of innocence.' " *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997). Viewing the evidence in the light most favorable to the verdict, on January 13, 1998, Reed and three other men drove a borrowed car to the home of Timothy Burley. Burley was in the yard, and Reed called him over to the car. When Burley asked Reed to drive him to the store, Reed asked for $3 to pay for gas. Burley did not immediately agree to pay. During this conversation, Reed found a gun under the driver's seat and pointed it at Burley. Burley told Reed to move the gun. Thereafter, Reed pulled the hammer back on the gun, still pointing it at Burley. Burley again told Reed to move the gun and also slapped at the gun. While still pointing the gun at Burley, Reed tried to uncock the gun by pulling the trigger and slowly letting the hammer down. Burley slapped at the gun a second time. The gun fired, fatally wounding Burley.

The record shows that the trial court instructed the jury, in relevant part, on involuntary manslaughter and on reckless conduct and pointing a pistol at another as possible underlying misdemeanors for the involuntary manslaughter charge. Reed made a written request for the court to charge the jury on reckless conduct and pointing a pistol at another, as separate offenses, which the trial court denied. Reed did not except or reserve objection to the charges. The verdict form provided as to Count 1 murder or the lesser included offense of involuntary manslaughter and Count 2 felony murder or the lesser included offense of involuntary manslaughter. Reed was convicted on Count 2, involuntary manslaughter.

Since Reed did not except to the jury charges, under these facts, any error as to the charges is waived. *Wright v. State*, 232 Ga. App. 646, 648 (3) (502 SE2d 756) (1998). On appeal, Reed raises as the only error the trial court's failure to include on the verdict form reckless conduct and pointing a pistol at another, as lesser included offenses of involuntary manslaughter. The form of the verdict was consistent with the jury charges. Furthermore, the verdict form was properly adjusted to the evidence. "[T]here was no evidence of [Reed's] allegedly reckless conduct [or pointing a pistol] other than that directly related to the death of the victim. Thus, a charge on reckless conduct [or pointing a pistol] had to be in the context of involuntary manslaughter." *Simmons v. State*, 266 Ga. 223, 229 (7) (b) (466 SE2d 205) (1996). See *Fleming v. State*, 233 Ga. App. 483 (504 SE2d 542) (1998) (failure to charge on lesser offense is not error where there is no evidence of the lesser offense). The trial court did not err as contended.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 14, 1999 —
RECONSIDERATION DENIED MAY 27, 1999 — CERT. APPLIED FOR.

*Clarke & Anderson, Alan S. Clarke, James S. Anderson,* for appellant.

*J. Tom Morgan, District Attorney, Gregory J. Lohmeier, Maria Murcier-Ashley, Assistant District Attorneys,* for appellee.