## A06A1762. NOBLE v. THE STATE.
(638 SE2d 444)

MIKELL, Judge.

Loretta Denise Noble was indicted for malice murder, felony murder, aggravated assault, and possession of a weapon, based on the fatal shooting of her sister, Justene Hathorn. Following a jury trial, Noble was convicted of involuntary manslaughter, reckless conduct, and the weapon offense. At the sentencing hearing, the trial court merged the reckless conduct conviction with the involuntary manslaughter conviction, dismissed the weapon charge, and sentenced Noble to serve ten years. On appeal, she challenges the sufficiency of the evidence, arguing that the state failed to disprove her defense of accident beyond a reasonable doubt. We disagree and affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[1] We do not weigh the evidence

---

[1] *Render v. State*, 257 Ga. App. 477, 478 (1) (571 SE2d 493) (2002).

or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

Noble was convicted of involuntary manslaughter pursuant to OCGA § 16-5-3 (a). "The essential elements of that offense are: (1) committing an unlawful act other than a felony (2) when causing the death of another person, (3) without intending to do so by the commission of the unlawful act."[3] The jury was charged on misdemeanor reckless conduct as the underlying unlawful act. That offense occurs when a person

> causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.[4]

Properly viewed, the evidence shows that Hathorn died on July 23, 2004, after Noble shot her in the chest. Noble claimed that the shooting was an accident. " 'Accident' is an affirmative defense whereby a defendant must establish that she acted without criminal intent and was not engaged in a criminal scheme, and that her actions did not show an utter disregard for the safety of others who might reasonably be expected to be injured thereby."[5] "When a defendant raises an affirmative defense and offers evidence in support thereof, the [s]tate has the burden of disproving that defense beyond a reasonable doubt."[6] Whether the state has satisfied this burden is a jury question.[7] Here, the state produced ample evidence to disprove the defense that the shooting was an accident. Noble admitted that she was hurt by the fact that her boyfriend, Steven Taylor, had begun a relationship with Hathorn. Hathorn's daughter testified that Taylor was Hathorn's boyfriend at the time of the incident. According to a close family friend, Noble threatened to blow Hathorn's and Taylor's

---

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] (Citation omitted.) *Smith v. State,* 234 Ga. App. 314, 315 (1) (506 SE2d 659) (1998).

[4] OCGA § 16-5-60 (b). See *Bohannon v. State,* 230 Ga. App. 829, 830-831 (1) (b) (498 SE2d 316) (1998) (whole court) (discussing elements of reckless conduct).

[5] (Citations and punctuation omitted.) *Davis v. State,* 269 Ga. 276, 279 (3) (496 SE2d 699) (1998). See OCGA § 16-2-2 ("A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence.").

[6] (Citations, punctuation and emphasis omitted.) *Glidewell v. State,* 279 Ga. App. 114, 128 (7) (l) (630 SE2d 621) (2006) (whole court).

[7] *Blocker v. State,* 265 Ga. App. 846, 851 (5) (595 SE2d 654) (2004).

heads off a few weeks before the shooting. A friend of both sisters testified that she received a call from Noble on the day before the shooting and that Noble stated, "my sister took my boyfriend . . . and her day is coming."

In support of her defense of accident, Noble testified that on the day of the shooting, she drove to her mother's house and encountered Hathorn and Taylor sitting on the front porch. According to Noble, she tried to walk into her mother's house but her sister was standing in the way. The door was halfway open. Taylor was standing behind Noble. Hathorn was standing between her and the door. Noble started searching for her cell phone to call another sister. She pulled out a number of items from her purse, including a gun. According to Noble, while she was holding the gun, the door hit her in the back, causing the gun to discharge into her sister's chest. When asked what she did next, Noble testified that "I was just screaming and I think I shot the gun." She also testified that she was careless with the gun.

Detective Linda Lash testified that after she *Mirandized* Noble, Noble stated that "she put a shell in every chamber" and that "she fired every shell, every round."

Whether the state disproved Noble's defense of accident was a jury question. Here, the jury was entitled to accept the evidence that the shooting was the result of Noble's reckless conduct with her gun, especially in light of her own testimony that she was careless, and reject her claim that it was an accident.[8] Viewed in a light most favorable to upholding the jury's verdict, the evidence was sufficient to authorize a rational trier of fact to find Noble guilty of involuntary manslaughter beyond a reasonable doubt.[9]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 7, 2006.

*Patricia F. Angeli*, for appellant.
*Jewel C. Scott, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.

---

[8] See *Cook v. State*, 249 Ga. 709, 712 (4) (292 SE2d 844) (1982) (defendant committed reckless conduct by handling gun in such a way as to accidentally cause the death of another).
[9] *Jackson v. Virginia*, supra.