S07A0765. MANZANO v. THE STATE.
(651 SE2d 661)

BENHAM, Justice.

Jesus Manzano appeals from his conviction for the murder of his wife, Claudia Rodriguez.[1] Rodriguez was found dead on the couch in their home with a single gunshot wound to her head. The evidence at trial established the shot was fired by Manzano as Rodriguez lay on the couch. The State's theory was that Manzano shot her as she lay sleeping because he believed she was involved with another man. Witnesses testified to Manzano's jealousy, threats, and violence, and to his own infidelity. Manzano testified that while he was cleaning the gun, Rodriguez, who knew the pistol's magazine had been removed, jokingly suggested he prove he was a big man by shooting her. In response, he testified, he pressed the gun to her head and pulled the trigger, believing as Rodriguez did that the gun was not loaded. However, a round remained in the pistol's chamber and Rodriguez was shot in the head. After firing the fatal shot, Manzano called his brother Tomas, then washed and changed clothes and left the home. Tomas and his wife arrived, found Rodriguez dead, and called 911. Another of Manzano's brothers took him to the home of friends, one

---

[1] The killing occurred on November 3, 2003, and the Cobb County grand jury indicted Manzano for malice murder and felony murder (aggravated assault). A jury trial commencing February 22, 2005, culminated on February 25 with a verdict acquitting Manzano of malice murder and convicting him of felony murder, for which the trial court sentenced him to life imprisonment. Manzano's motion for new trial, filed March 22, 2005, and amended January 13, 2006, was denied on March 9, 2006. Pursuant to a notice of appeal filed March 29, 2006, the appeal was docketed in this Court on February 7, 2007, and was submitted for decision following oral argument on May 15, 2007.

of whom accompanied Manzano to the Cobb County Detention Center where he turned himself in.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find Manzano guilty beyond a reasonable doubt of felony murder with aggravated assault as the underlying felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Based on his testimony that the shooting occurred inadvertently when, in the course of horseplay with the pistol, he pulled the trigger while pointing the pistol at Rodriguez's head, not knowing there was a round in the chamber, Manzano requested jury charges on involuntary manslaughter with reckless conduct and pointing a pistol at another as predicate misdemeanors.

With regard to involuntary manslaughter based on the misdemeanor of pointing a pistol at another, Manzano relies on the longstanding rule stated in *Irvin v. State*, 9 Ga. App. 865 (1) (72 SE 440) (1911), that where one who believes a pistol is unloaded intentionally points and aims the pistol at another and pulls the trigger, and the pistol unexpectedly fires, causing the death of the person at whom it was pointed, a verdict of involuntary manslaughter in the commission of an unlawful act is authorized. The State responds that the rule in *Irvin* was abrogated by the subsequent enactment of the present aggravated assault statute, OCGA § 16-5-21 (a) (2), and argues that if the victim is aware of the pointing of the pistol, the offense is the felony of aggravated assault, not the misdemeanor of pointing a pistol at another. The State's argument is correct to the extent it asserts that the evidence need not show the victim experienced fear of receiving an injury, but need only perceive that such a danger exists. *Lemming v. State*, 272 Ga. App. 122 (1) (612 SE2d 495) (2005). However, the State's argument falters when it asserts that a victim's perception that a pistol is pointed at her always makes the offense aggravated assault rather than pointing a pistol. What the assault statutes require in addition to an awareness by the victim that a pistol is pointed at her is a reasonable perception on her part of the danger of immediately receiving a violent injury. See *Stobbart v. State*, 272 Ga. 608 (3) (533 SE2d 379) (2000); *Lemming v. State*, supra. While Manzano's testimony unquestionably shows that Rodriguez perceived that a pistol was pointed at her, there is no evidence she perceived a danger of immediately receiving a violent injury because, according to Manzano's testimony, she believed, as he did, that the pistol was unloaded and was thus incapable of causing such an injury. "[I]f the victim is not placed in reasonable apprehension of immediate violent injury by the pointing of the firearm, only the misdemeanor of pointing a firearm (and not the felony of aggravated assault) has been committed." *Rhodes v. State*, 257 Ga. 368, 370 (5) (359 SE2d 670)

(1987). Therefore, contrary to the trial court's conclusion and the State's argument on appeal, the evidence that Manzano and Rodriquez were engaged in horseplay with what they both perceived to be an unloaded pistol would have supported a conviction for involuntary manslaughter with the offense of pointing a pistol as the predicate misdemeanor. That being so, the trial court's refusal to give the charge constituted error. *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990) (written request to charge included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense; failure to so charge, if evidence warrants requested charge, shall be error). Under the circumstances of this case, we cannot conclude the trial court's error in refusing the requested charge on involuntary manslaughter with pointing a pistol at another as the predicate misdemeanor was harmless. Accordingly, Manzano is entitled to a new trial.

3. Although Manzano's conviction is reversed for the reason stated above, two issues remain concerning matters which could recur at his retrial and will, therefore, be addressed.

(a) Manzano enumerates as error the trial court's refusal to give a requested instruction on involuntary manslaughter with reckless conduct as the predicate misdemeanor.[2] "[A] defendant who handles a gun in such a way as to accidentally cause the death of another human being, albeit without any intention to do so, has necessarily committed the misdemeanor of reckless conduct. . . . [Cit.]" *Cook v. State*, 249 Ga. 709, 712 (4) (292 SE2d 844) (1982). See also *Reed v. State*, 279 Ga. 81, 85 (7) (610 SE2d 35) (2005). Manzano testified he had no intention of shooting Rodriguez and he believed the pistol was not loaded because the magazine had been removed. Thus, the jury was authorized to accept Manzano's testimony that the shooting was the result of his reckless conduct with his gun, and to convict him of involuntary manslaughter predicated on the misdemeanor of reckless conduct. *Noble v. State*, 282 Ga. App. 311, 313 (638 SE2d 444)

---

[2] The State argues on appeal that Manzano waived the charge on involuntary manslaughter with reckless conduct as the predicate misdemeanor by acquiescing in the trial court's decision to charge only on pointing a pistol at another as the predicate misdemeanor for involuntary manslaughter. "A defendant who, in effect, withdraws a request to charge will not be heard to complain on appeal that the trial court erred when it failed to give the withdrawn charge. See *Smith v. State*, 260 Ga. 274 (7) (393 SE2d 229) (1990)." *Kimble v. State*, 270 Ga. 311, 312 (2) (509 SE2d 39) (1998). However, the record shows Manzano's waiver of the charge on involuntary manslaughter/reckless conduct was not absolute, but was conditioned on the trial court giving the charge on involuntary manslaughter/pointing a pistol at another. When the trial court announced the next day it would not charge on any form of involuntary manslaughter, the condition on which the waiver was based was removed. Under those circumstances, we agree with Manzano that the reservation of objections to the charge covered both involuntary manslaughter charges.

(2006). Since there was evidence to support the requested instruction, the trial court's refusal to give it was error. *State v. Alvarado*, supra.

(b) When Manzano testified to facts contrary to those in the testimony of witnesses who recounted prior difficulties between Manzano and Rodriguez, the State was permitted over objection to ask Manzano whether those witnesses were lying. Manzano complains on appeal the questions posed to him were improper because he was being asked to speculate on the credibility of other witnesses.

> [A] witness, even an expert, can never bolster the credibility of another witness "as to whether the witness is telling the truth. Credibility of a witness is not beyond the ken of the jurors but, to the contrary, is a matter solely within the province of the jury. [Cit.]" [Cits.]

*Mann v. State*, 252 Ga. App. 70 (1) (555 SE2d 527) (2001). While that principle is true as to witnesses generally, such a question is allowable where the defendant testifies at odds with other witnesses because the question is then merely a rhetorical device intended to challenge the defendant's credibility and is not an effort to bolster other witnesses' credibility. "The state may challenge the defendant's truthfulness on cross-examination." *Dorsey v. State*, 259 Ga. 809 (3) (387 SE2d 889) (1990). When addressed to the defendant, a question such as that of which Manzano complains merely emphasizes the conflict in the evidence, which is the jury's duty to resolve. *Whatley v. State*, 270 Ga. 296, 301 (13) (509 SE2d 45) (1998). The trial court did not err in overruling Manzano's objection to the line of questioning. To the extent the holding in *Cargill v. State*, 255 Ga. 616, 631 (17) (a) (340 SE2d 891) (1986), that "[h]ad defense counsel objected to the prosecuting attorney's questions, the objection should have been sustained," conflicts with this holding and with the holdings in *Whatley v. State*, supra, and *Dorsey v. State*, supra, it is overruled.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 24, 2007 —
RECONSIDERATION DENIED OCTOBER 29, 2007.

*Mitchell D. Durham*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Jesse D. Evans, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.