## A08A0178. HEAD v. THE STATE.
### (660 SE2d 871)

MIKELL, Judge.

Ronqueize L. Head was convicted of theft by receiving stolen property (an automobile)[1] and was sentenced to serve ten years. He appeals from the order denying his motion for new trial. We affirm for the reasons set forth below.

Viewed in the light most favorable to the verdict, the evidence adduced at trial shows that on March 27, 2004, Head went to the Covington Ford dealership in Monticello and asked to see two Explorers and a Lincoln Aviator. A salesman gave him the keys to all three vehicles, but Head only test drove one of the Explorers. The general manager testified that Head asked him whether any of the vehicles on the lot had tracking systems, and the manager informed him that they did not. The dealership was broken into the following night, and the same Aviator to which Head had been given the keys was stolen. The salesman had given Head two keys to the Aviator, but Head returned only one of them, a fact that the salesman did not realize until after the vehicle was stolen. The investigation quickly led to Head, and the vehicle was located backed up near the rear door of the residence of Head's girlfriend, Tangy Foster. The deputy sheriff who located the vehicle testified that he saw Head driving it the previous day, but the deputy did not know at that time that the Aviator was stolen. When the deputy knocked on Foster's front door, he heard voices and furniture being shoved against the wall. Foster finally let him inside, and the deputy found Head hiding inside a three-sided portable bar. The deputy's backup officer asked where the keys were, and Head stated that they were on his night stand in the bedroom. The backup deputy found the key, which the deputy was able to use to start the Aviator.

1. Head does not challenge the sufficiency of the evidence to support his conviction. Rather, he contends that the trial court erred in overruling his objection when the prosecutor asked him on cross-examination whether the salesman was lying when he testified that Head had looked at three vehicles. Head had testified on direct that

---

[1] OCGA § 16-8-7.

he did not test drive anything and that he only looked at a white Mustang and a tan Explorer. In support of his argument, Head relies on *Cargill v. State*,[2] in which our Supreme Court held that it was improper for the prosecutor to ask one witness if another witness was lying. The Court reasoned that witnesses should testify based on their personal knowledge of the relevant facts and should not determine the veracity of other witnesses.[3] *Cargill* has been expressly overruled, however, by *Manzano v. State*,[4] and it is permissible for the state to challenge the defendant's credibility on cross-examination by asking him or her if other witnesses are lying. In *Manzano*, the Supreme Court stated that such questions merely emphasize the conflict in the evidence, which is the jury's duty to resolve.[5] In so holding, the Court approved its decisions in which it had essentially abrogated *Cargill*.[6] It follows that the trial court in the case at bar did not err in permitting the prosecutor to cross-examine Head by asking him whether another witness was lying.

2. Head also contends that the trial court denied him the right to a thorough and sifting cross-examination by sustaining the state's objection to a question posed by defense counsel to the salesman. Counsel asked the salesman, twice, whether Head ever drove the vehicle that was reported stolen. The salesman answered, twice, "not that day." The third time, counsel asked, "To your knowledge, he never drove that car." The prosecutor interjected, "Objection, asked and answered." Counsel stated, "He left it a little vague with his answer. I'm just trying to clarify." The Court stated, "I think the jury knows what he said. Go on to something else."

A defendant is, of course, "entitled to a thorough and sifting cross-examination as to all relevant issues."[7] "[Y]et the scope of the cross-examination rests largely within the discretion of the trial judge, to control this right within reasonable bounds, and his discretion will not be controlled by a reviewing court unless it is abused."[8] Based on our review of the evidence, the trial court did not abuse its discretion in limiting the scope of cross-examination. The salesman never testified on direct examination that Head had driven the Aviator; the salesman testified on cross that Head had not driven it

---

[2] 255 Ga. 616 (340 SE2d 891) (1986).

[3] Id. at 631 (17) (a).

[4] 282 Ga. 557, 560 (3) (b) (651 SE2d 661) (2007).

[5] Id.

[6] Id. See *Whatley v. State*, 270 Ga. 296, 301 (13) (509 SE2d 45) (1998); *Dorsey v. State*, 259 Ga. 809 (3) (387 SE2d 889) (1990).

[7] (Citation omitted.) *Kolokouris v. State*, 271 Ga. 597, 600 (4) (523 SE2d 311) (1999).

[8] (Citation and footnote omitted.) *Craft v. State*, 254 Ga. App. 511, 513 (3) (563 SE2d 472) (2002).

on the day in question; after the state objected, defense counsel never offered to rephrase the question or to explain to the court what he was trying to ascertain; and, finally, Head has not shown that the trial court's limitation of this line of questioning harmed him in any way.[9]
*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED APRIL 8, 2008.

*Timothy L. Lam*, for appellant.
*Richard G. Milam, District Attorney, James L. Moss, Jr., Assistant District Attorney*, for appellee.

---

[9] See *Craft*, supra at 514 (3) (no abuse of discretion in refusing to allow, on cross-examination of a witness, "questions repeated that had been asked and fully answered") (citation, punctuation and footnote omitted).