## A10A1514. SNELL v. THE STATE.

(703 SE2d 93)

POPE, Senior Appellate Judge.

A Baker County jury found Joe N. Snell guilty of felony involuntary manslaughter as a lesser included offense to the indicted charge of felony murder.[1] The trial court thereafter denied his motion for a new trial. Snell appeals, contending that there was insufficient evidence to convict him and that the trial court erred in failing to charge the jury on reckless conduct and misdemeanor

---

[1] Snell also was indicted and tried on charges of murder and aggravated assault. The jury acquitted him of those charged offenses.

involuntary manslaughter as separate lesser included offenses. For the reasons discussed below, we affirm.

1. Following a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant is no longer presumed innocent. *Noble v. State*, 282 Ga. App. 311 (638 SE2d 444) (2006). We neither weigh the evidence nor assess witness credibility, which are tasks that fall within the exclusive province of the factfinder. Id. at 311-312. So long as some competent evidence exists, although contradicted, to support each element of the State's case beyond a reasonable doubt, we will uphold the verdict. *Dorsey v. State*, 297 Ga. App. 268 (676 SE2d 890) (2009).

Viewed in this manner, the undisputed evidence showed that Snell shot and killed his brother-in-law following a heated argument at a family gathering; what was in dispute at trial was whether the fatal shooting was intentional, the result of reckless conduct, or an accident. On the night in question, the victim and several other family members were playing cards and visiting with one another at a relative's house. The card playing took place at a card table in the living room, a small space crowded with adults and children. Snell, who had left earlier that evening after arguing with the victim, returned to the residence and approached the card table where the victim was playing cards. Snell had been drinking whiskey, and he had a cocked and loaded handgun stashed underneath his jacket. After approaching the card table, Snell again engaged in a heated argument with the victim. Snell's handgun discharged, and the victim was struck by a bullet in the shoulder, resulting in his death.

There was conflicting testimony at trial concerning how the shooting transpired. Several eyewitnesses testified that Snell drew the handgun from his jacket, pointed it directly at the victim, and deliberately shot the victim at point blank range. The sheriff who responded to the scene likewise testified that Snell said that he shot the victim after the victim had been "running his mouth." In contrast, Snell testified that while responding to something that the victim had said, he had stumbled into a sofa chair, causing the handgun to fall out of his jacket. According to Snell, he managed to grab the handgun before it struck the floor, but the gun accidentally discharged.

On appeal, Snell contends that there was insufficient evidence to convict him of felony involuntary manslaughter. "The essential elements of that offense are: (1) committing an unlawful act other than a felony (2) when causing the death of another person, (3) without intending to do so by the commission of the unlawful act." (Punctuation and footnote omitted.) *Noble*, 282 Ga. App. at 312. See OCGA § 16-5-3 (a). The jury was charged on the misdemeanor

offense of reckless conduct as the underlying unlawful act. Reckless conduct

> occurs when a person causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.

(Footnote omitted.) *Noble*, 282 Ga. App. at 312. See OCGA § 16-5-60 (b).

Based upon the evidence presented at trial, the jury was entitled to resolve the conflicts in the testimony, reject Snell's defense of accident, and find that Snell unintentionally killed the victim while handling his loaded gun in such a way as to constitute the misdemeanor offense of reckless conduct. See *Jackson v. State*, 276 Ga. 408, 409 (1) (577 SE2d 570) (2003); *Noble*, 282 Ga. App. at 312-313; *Cross v. State*, 199 Ga. App. 266, 267-268 (1) (404 SE2d 633) (1991); *Grimes v. State*, 199 Ga. App. 152, 152-153 (1) (404 SE2d 324) (1991), overruled in part on other grounds sub nom., *Anderson v. State*, 262 Ga. 26, 27-28 (3) (a), (b) (413 SE2d 732) (1992). Accordingly, a rational jury was authorized to find Snell guilty beyond a reasonable doubt of felony involuntary manslaughter. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA § 16-5-3 (a).

2. Snell contends that the trial court erred in failing to charge the jury on reckless conduct as a separate lesser included offense to the indicted charge of felony murder. But "there was no evidence of [Snell's] allegedly reckless conduct other than that directly related to the death of the victim. Thus, a charge on reckless conduct had to be in the context of involuntary manslaughter." *Simmons v. State*, 266 Ga. 223, 229 (7) (b) (466 SE2d 205) (1996), overruled in part on other grounds, *Wall v. State*, 269 Ga. 506, 509-510 (2) (500 SE2d 904) (1998). It follows that the trial court committed no error in declining to charge the jury on reckless conduct as a separate lesser included offense. See id.; *Reed v. State*, 238 Ga. App. 297, 298 (517 SE2d 824) (1999). Compare *Reinhardt v. State*, 263 Ga. 113, 113-114 (2) (428 SE2d 333) (1993), overruled in part on other grounds, *Vergara v. State*, 283 Ga. 175, 177-178 (1) (657 SE2d 863) (2008) (in felony murder case, the trial court should have charged the jury on reckless conduct as a separate lesser included offense of *arson*).

3. Snell also contends that the trial court erred in failing to charge the jury on misdemeanor involuntary manslaughter as a

separate lesser included offense to the indicted charge of felony murder.

> A person commits the offense of misdemeanor involuntary manslaughter when the person causes the death of another human being without any intention to do so, by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm.

(Citation and punctuation omitted.) *Reed v. State*, 279 Ga. 81, 85-86 (7) (610 SE2d 35) (2005). See OCGA § 16-5-3 (b). Snell claims that his carrying of the handgun was a lawful act, but that he was carrying the gun in an unlawful manner (concealed in his jacket). He further claims that the unlawful manner in which he carried the handgun arguably caused the victim's death, since the gun discharged after falling out of his jacket, according to his trial testimony. As such, Snell argues that he had a right to a charge on misdemeanor involuntary manslaughter.

We are unpersuaded. Even if Snell's carrying of the concealed handgun could be construed as the cause of the victim's death,[2] Snell's admitted conduct was not a lawful act, despite his attempt to split hairs between his carrying and concealing of the handgun on his person. As Snell concedes, his carrying of a concealed weapon into another's residence was unlawful. See OCGA § 16-11-126. Consequently, even under his own version of events, Snell was not engaged in the commission of a lawful act and thus was not entitled to a charge on misdemeanor involuntary manslaughter. See generally *Hall v. State*, 287 Ga. 755, 759 (4) (699 SE2d 321) (2010) ("A charge of involuntary manslaughter is not warranted if no evidence supports the charge.").

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED OCTOBER 28, 2010.

*Robert R. McLendon IV*, for appellant.
*Joseph K. Mulholland, District Attorney*, for appellee.

---

[2] But see *Paulhill v. State*, 229 Ga. 415, 417-418 (2) (a) (191 SE2d 842) (1972) (defendant's concealment of firearm did not cause the victim's death, but rather "[t]he firing of the gun did so"); *Carlton v. State*, 224 Ga. App. 315, 318 (3) (480 SE2d 336) (1997) (same).