## A11A2341. ADAMS v. THE STATE.
(722 SE2d 904)

MIKELL, Presiding Judge.

Convicted by a jury of theft by taking,[1] Roy William Adams III appeals from the denial of his amended motion for new trial, contending that the circumstantial evidence used to convict him did not exclude every reasonable hypothesis save his guilt.

> On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

So viewed, the evidence was that, on December 15, 2006, Javier Ruiz owned and operated Ruiz Quality Motors, a used car dealership, in Gainesville. On that day, Adams arrived at the lot in a car driven by an unidentified person. Adams looked at several vehicles and then decided on a 1997 white Ford Expedition, with a radio and television. Adams wanted to test drive the vehicle and, although Ruiz usually had one of his employees accompany buyers on test drives, he was short handed that day and allowed Adams to drive it alone. Ruiz made a copy of Adams's driver's license and wrote down the phone number Adams supplied.

Ruiz and Adams had agreed on a price for the Expedition and Adams told Ruiz that he was going to drive to a nearby local bank to withdraw the money to complete the purchase. Adams drove the Expedition off the lot and, shortly thereafter, the person who brought him also drove off, which made Ruiz suspicious. When Adams did not return within a reasonable time, Ruiz drove to the bank, but found no sign of Adams, the Expedition, or the other car and driver. Ruiz then reported the vehicle stolen. Ruiz never heard from Adams again regarding the Expedition.

Hall County Sheriff's Investigator Paul Payne obtained an arrest warrant for Adams on January 4, 2007, some three weeks after the vehicle went missing, and interviewed Adams, after warning him of his rights. Payne asked if Adams recalled going to Ruiz Quality

---

[1] Under OCGA § 16-8-2, "[a] person commits the offense of theft by taking when he . . . , being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."

[2] (Footnotes omitted.) *Noble v. State*, 282 Ga. App. 311-312 (638 SE2d 444) (2006).

Motors and there was a 25-second pause. After further questioning, Adams said "I don't want any more trouble, if I could just help you out on some other things." Also, when asked about the Expedition, Adams asked "you haven't found it yet?" Adams then told Payne that the vehicle was in the Quality Foods parking lot in Cornelia, about 20 minutes from Gainesville. Adams said he had been driving the Expedition when it "ran hot" and he parked it. He told Payne that he intended to return it to Ruiz.

The Expedition was not damaged when officers located it, except that the television and radio were missing. The magnetic dealer tag was still attached to the rear of the vehicle. Ruiz went to Cornelia, retrieved the Expedition, and drove it back to Gainesville without encountering any mechanical problems or having to add any fluids or water to it.

Adams argues that the evidence was insufficient pursuant to OCGA § 24-4-6, which provides that "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Here, however, the evidence was not circumstantial. Ruiz provided direct evidence that Adams drove the Expedition off his lot, apparently under false pretenses, because when Ruiz went to the bank Adams told him he was going to, there was no evidence of him, the Expedition, or the car in which he had arrived at the lot. Further, Adams admitted driving the car off and not returning it, although he proffered an explanation.

Further, even considering the evidence of Adams's intentions to be solely circumstantial, the jury was authorized to reject Adams's statement that he intended to return the Expedition. The evidence was sufficient to authorize a rational trier of fact to find Adams guilty of theft by taking of the Expedition.[3]

*Judgment affirmed. Dillard and Boggs, JJ., concur.*

DECIDED FEBRUARY 9, 2012.

*Adam S. Levin*, for appellant.

---

[3] *Pitmon v. State*, 265 Ga. App. 655, 656-657 (1) (595 SE2d 360) (2004); cf. *Walton v. State*, 291 Ga. App. 736, 737-738 (1) (662 SE2d 820) (2008); *Wilson v. State*, 230 Ga. App. 271, 273 (2) (495 SE2d 894) (1998) (Whether defendant's explanation was reasonable was inherently a question for the jury. "This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors.") (citation and punctuation omitted).

*Lee Darragh, District Attorney, Lindsay H. Burton, Assistant District Attorney*, for appellee.