**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 4, 2012**

# In the Court of Appeals of Georgia

A12A0297. WILLIAMS v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Kevin Williams was convicted of involuntary manslaughter, with reckless conduct as the underlying unlawful act, and making a false statement to a law enforcement officer. He appeals, challenging the sufficiency of the evidence supporting the involuntary manslaughter conviction. Because there is sufficient evidence from which a rational trier of fact could have found him guilty beyond a reasonable doubt of the crime charged, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant is no longer presumed innocent. *Noble v. State*, 282 Ga. App. 311 (638 SE2d 444) (2006). We do not weigh the evidence or assess the credibility of witnesses, which are tasks that fall within the

exclusive province of the jury as factfinder. Id. at 311–312. As long as some competent evidence exists, even though contradicted, to support each element of the state's case beyond a reasonable doubt, we will uphold the jury's verdict. *Dorsey v. State*, 297 Ga. App. 268 (676 SE2d 890) (2009).

So viewed, the evidence shows that on January 28, 2007, Williams used a box-cutter during a confrontation with John Boston at a mall in Savannah. Boston reported the incident to a police officer providing security at the mall. Williams was arrested after the officer found a box-cutter in his pocket.

Approximately four months later, on June 8, 2007, Williams was sitting behind the counter in a diner when Boston's 14-year-old sister, India, and her friend, Taquilla McCloud, entered the restaurant. Williams' older brother, Nick, was working in the diner at the time and had placed a loaded 9-millimeter pistol on the counter. Taquilla and Nick began talking about the January incident at the mall, and during the conversation, Taquilla called Williams a "bitch" for having used a box-cutter. Williams then made statements apparently referring to John Boston by the same derogatory term, and India responded by saying, "My brother ain't no bitch and ain't nobody going to talk about my brother."

2

A short time later, Taquilla went to use the restroom and Nick followed her, leaving Williams and India Boston alone in the counter area of the restaurant. As they continued to argue, Williams carelessly picked up the gun, which was pointed at India Boston's head, and pulled the trigger. A bullet discharged, passed through a sign on the counter, struck India Boston in the face, lodged in her head and caused her death.

"A person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony." OCGA § 16-5-3 (a). In this case, the jury was charged on the misdemeanor of reckless conduct as an underlying unlawful act.

> Reckless conduct occurs when a person causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.

(Citations and punctuation omitted.) *Snell v. State*, 306 Ga. App. 651, 653 (1) (703 SE2d 93) (2010).

Citing a portion of a taped statement that he gave to police and other evidence, Williams claims that the shooting was an accident. However, "[b]ased upon the

3

evidence presented at trial, the jury was entitled to resolve the conflicts in the testimony, reject [Williams'] defense of accident, and find that [he] unintentionally killed the victim while handling [a] loaded gun in such a way as to constitute the misdemeanor offense of reckless conduct." (Citations ommitted.) Id. Accordingly, viewed in a light most favorable to the jury's verdict, the evidence was sufficient to authorize a rational trier of fact to find Williams guilty of involuntary manslaughter beyond a reasonable doubt. See *Noble*, supra at 313; *Smith v. State*, 234 Ga. App. 314, 315 (1) (506 SE2d 659) (1998).

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*