**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 26, 2014**

# In the Court of Appeals of Georgia

A14A1084. BANKS v. THE STATE.

PHIPPS, Chief Judge.

Joshua Banks was indicted on charges of felony murder, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. A jury found him guilty of involuntary manslaughter[1] as a lesser-included offense of felony murder,[2] and guilty of the firearm possession charges.[3] Banks appeals from the convictions and the denial of his motion for new trial, contending that the court erred by failing to include on the verdict form reckless conduct as a lesser-included offense of felony murder. We affirm.

---

[1] OCGA § 16-5-3 (a).

[2] OCGA § 16-5-1 (c).

[3] OCGA § § 16-11-131; 16-11-106.

Viewed in the light most favorable to the verdict,[4] the evidence showed the following. On January 18, 2010, Banks was with several people in the parking lot of an apartment complex. Banks displayed a handgun and "play[ed] with it."[5] He then fired the gun in the air, said "that's building 16," and fired several shots into the building. One of the bullets entered a window of an apartment in that building, fatally striking thirteen-year-old T. S., who resided in the apartment.

In September 2010, police officers interviewed Banks about the shooting. After officers advised Banks of his *Miranda* rights, he admitted that on the night of the shooting, he had been drinking heavily and "just started shooting." Banks claimed that what happened had been an accident, and that he had been reflecting on how he "had taken . . . this boy's young life."

In its charge, the court pertinently instructed the jury to consider whether mitigating circumstances would cause the felony murder charge to be reduced to involuntary manslaughter. The court then defined for the jury involuntary manslaughter, instructed that involuntary manslaughter would be predicated on the

---

[4] See *Van v. State*, 294 Ga. 464, 465 (1) (754 SE2d 355) (2014).

[5] The state introduced evidence showing that Banks previously had been convicted of a felony.

2

offense of reckless conduct, and defined reckless conduct. The verdict form submitted to the jury listed involuntary manslaughter as a lesser-included offense of felony murder, but did not list reckless conduct as a lesser-included offense.[6]

In his motion for new trial, Banks challenged, inter alia, the court's failure to include reckless conduct on the verdict form as a lesser-included offense of felony murder. In its order denying the motion, the court stated that a separate reckless conduct option was not required to be on the verdict form because there was no evidence of reckless conduct other than that which directly related to the death of the victim; the reckless conduct charge "had to be in the context of involuntary manslaughter."

---

[6] The verdict form showed:
COUNT ONE - FELONY MURDER
__ . . . NOT GUILTY of Felony Murder.
OR
__ . . . GUILTY of Felony Murder.
OR
__ . . . GUILTY of the lesser included offense of Involuntary Manslaughter.

3

1. Although Banks does not challenge on appeal the sufficiency of the evidence, a rational jury was authorized to find him guilty beyond a reasonable doubt of the crimes for which he was convicted.[7]

2. Banks contends that reversal is required because the trial court failed to include on the verdict form reckless conduct[8] as a lesser-included offense of felony murder. Assuming that Banks informed the court of this specific objection before the jury retired to deliberate,[9] the contention is nonetheless without merit.

---

[7] See OCGA § 16-5-3 (a) ("A person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony"); this offense is punishable by imprisonment of not less than one year nor more than ten years (i.e., a felony (OCGA § 16-1-3))); *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); *Roscoe v. State*, 288 Ga. 775 (1) (707 SE2d 90) (2011) (possession of a firearm by a convicted felon); *Hickson v. State*, 308 Ga. App. 50, 51 (1) (706 SE2d 670) (2011) (possession of a firearm during the commission of a felony); *Snell v. State*, 306 Ga. App. 651, 653 (1) (703 SE2d 93) (2010) (involuntary manslaughter).

[8] OCGA § 16-5-60 ("Reckless conduct . . . (b) A person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor.").

[9] At trial, Banks argued that "reckless conduct" should be included on the verdict form as a lesser-included offense of *involuntary manslaughter*. See *Cheddersingh v. State*, 290 Ga. 680, 682-683 (2), n. 2 (724 SE2d 366) (2012) (stating

4

"If a death occurs as the result of reckless conduct, a defendant is guilty of involuntary manslaughter. Here, there was no evidence of [Banks's] allegedly reckless conduct other than that directly related to the death of the victim."[10] Thus, as the trial court stated, a charge on reckless conduct had to be in the context of involuntary manslaughter.[11] In this case, the verdict form was consistent with the jury charges and was properly adjusted to the evidence.[12] Accordingly, the court did not err by failing to include reckless conduct on the verdict form.[13] We note that the cases

that appellant had a duty to inform the trial court of the specific objection to the verdict form before the jury retired to deliberate; failure to object in accordance with OCGA § 17-8-58 (a) "shall preclude appellate review of such portion of the jury charge, unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties"; further, treating preprinted verdict form as a portion of the jury instructions in determining whether there was error in jury instructions).

[10] *Simmons v. State*, 266 Ga. 223, 229 (7) (b) (466 SE2d 205) (1996) (citation omitted); *Reed v. State*, 238 Ga. App. 297, 298 (517 SE2d 824) (1999); see *Snell*, supra.

[11] *Simmons*, supra; *Snell*, supra; *Reed*, supra.

[12] See *Reed*, supra.

[13] *Reed*, supra. See generally *Arvinger v. State*, 276 Ga. App. 127, 129 (2) (622 SE2d 476) (2005) (verdict form was not required to remind jury of its alternatives as to lesser-included offenses); *McElroy v. State*, 244 Ga. App. 500, 502 (1) (b) (536 SE2d 188) (2003) (finding no error in the form of the verdict where the form did not include lesser-included offenses; noting that appellant had cited no precedent which would have required the trial court to submit a special verdict form reminding the jury of its options as to lesser-included offenses).

relied upon by Banks are inapposite and do not support his position that the trial court must include on a verdict form reckless conduct as a lesser-included offense of felony murder.[14]

*Judgment affirmed. Ellington, P. J., and McMillian, J., concur.*

---

[14] Cases cited by Banks include: *Manzano v. State*, 282 Ga. 557, 559-560 (3) (a) (651 SE2d 661) (2007) (felony murder conviction reversed where trial court refused to give defendant's requested charge on involuntary manslaughter with reckless conduct as the predicate misdemeanor); *Reed v. State*, 279 Ga. 81, 86-87 (7) (610 SE2d 35) (2005) (defendant was not entitled to a charge on misdemeanor involuntary manslaughter (OCGA § 16-5-3 (b) - regarding commission of a lawful act in an unlawful manner) because evidence did not support such a charge); *Reinhardt v. State*, 263 Ga. 113-114 (2) (428 SE2d 333) (1993) (felony murder and arson convictions reversed where trial court refused defendant's request to charge on involuntary manslaughter and reckless conduct; Court noted that there was evidence that the setting of the fire was the result of reckless conduct), overruled on other grounds by *Vergara v. State*, 283 Ga. 175, 177-178 (1) (657 SE2d 863) (2008); *Allison v. State*, 288 Ga. App. 482, 485 (1) (654 SE2d 628) (2007) (no death resulted); *Beaton v. State*, 255 Ga. App. 901, 902-903 (2) (567 SE2d 113) (2002) (no death resulted); *McDonald v. State*, 224 Ga. App. 411, 412-413 (481 SE2d 1) (1997) (no death resulted).